UNITED STATES v. KOLODNER.

(Circuit Court of Appeals, Third Circuit. April 17, 1913.)

No. 1,719.

ALIENS (§ 67*)—NATURALIZATION—CONSTRUCTION OF STATUTE—"DISTRICT."

Naturalization Act June 29, 1906, c. 3592, § 3, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 529), confers on the federal courts in any state, for certain named territories, and the Supreme Court of the District of Columbia, and state courts of record and general jurisdiction, exclusive jurisdiction to naturalize aliens. Section 4 provides that an applicant must have been a resident of the United States for five years continuously, and of the "state, territory, or district" for one year, immediately preceding the application. Section 9 provides that every final hearing upon such petition shall be had in open court before a judge, and that the applicant and witnesses shall be examined under oath "before the court and in the presence of the court." Section 10 provides that, in case the petitioner has not resided in the "state, territory or district" for the full five years, he may establish the time of his residence within the state by two witnesses, and the remaining portion of his five years' residence within the United States may be proved by deposition. *Held*, that the word "district," as used in connection with the words "state" and "territory" in sections 4 and 10, refers to the District of Columbia, and not to the judicial district in which the petition is filed, and a petitioner who has resided within the state, but not within such judicial district, for the required five years, cannot establish any part of such residence by deposition.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 131–137; Dec. Dig. § 67.*

For other definitions, see Words and Phrases, vol. 3, pp. 2136–2138; vol. 8, pp. 7639, 7640.]

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Petition by the United States against Jacob Kolodner for cancellation of certificate of naturalization. Petition dismissed, and the United States appeals. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

For opinion below, see 199 Fed. 809.

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

GRAY, Circuit Judge. This is an appeal from the order and decree of the district court of the United States for the middle district of Pennsylvania, in a proceeding under section 15 of the Act of June 29, 1906 (34 Stat. 601, c. 3592 [U. S. Comp. St. Supp. 1911, p. 537]), instituted July 13, 1912, by the district attorney of the United States for the middle district of Pennsylvania, to cancel a certificate of citizenship granted to the appellee, Jacob Kolodner, by the court below on the 28th day of November, 1910.

The petition of the district attorney represents that on the 24th day of February, 1910, the appellee, an alien, a subject of the Emperor of Russia, filed in the circuit court of the United States for the middle district of Pennsylvania his application for admission to citizenship of the United States, alleging that he had resided continuously in the United States and in the state of Pennsylvania for the term of five years at least, immediately preceding the date of his application; i. e., since the 15th day of June, A. D. 1902. The petition was supported by the affidavits of the petitioner and two witnesses. In these affidavits, the witnesses deposed that the petitioner was personally known to them, and that he had resided in the United States and in the state of Pennsylvania continuously for a period of two years immediately preceding the date of filing his application. In order to establish the other three of the five years of continuous residence required by the act of Congress, the applicant produced to the court, upon the hearing of his application, the depositions of two witnesses taken in the city of Philadelphia. These witnesses deposed to the residence of the petitioner in the United States and in the state of Pennsylvania from February 24, 1905, to a day unstated in the year 1908. Such proof. by deposition, was accepted by the court to complete the proof of that portion of petitioner's five years' residence within the United States, which was not covered by the affidavits accompanying the petition or by the testimony of the affiants in the presence of the court. Upon these proofs, the petitioner was admitted to citizenship by the court below on the 28th day of November, 1910.

After hearing argument on the proceedings for cancellation, the respondent being personally present but filing no answer, the court, on October 26, 1912, entered a decree denying the petition of the government, and from this decree the government takes the present appeal.

The facts, as stated in the petition of the government, are uncontroverted.

The act of Congress of June 29, 1906, above referred to, is entitled "An act to establish a Bureau of Immigration and Naturalization, and to provide for a uniform rule for the naturalization of aliens throughout the United States." By its provisions, Congress has indicated its purpose to make more stringent than theretofore the conditions upon

which, and the procedure by which, the privilege of citizenship may be obtained by aliens. The portions of the act material to the present case are as follows:

"Section 3. That exclusive jurisdiction to naturalize aliens as citizens of the United States is hereby conferred upon the following specified courts:

"United States circuit and district courts now existing, or which may hereafter be established by Congress in any state, United States district courts for the territories * * * the supreme court of the District of Columbia, and the United States courts for the Indian Territory; also all courts of record in any state or territory now existing. * * *

"That the naturalization jurisdiction of all courts herein specified, state, territorial, and federal, shall extend only to aliens resident within the respective judicial districts of such courts.

* * * * * * * * * *

"Sec. 4. That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise:

* * * * * * * * * *

"Second. Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting and duly verified, in which petition such applicant shall state his full name, his place of residence (by street and number, if possible), his occupation, and, if possible, the date and place of his birth; the place from which he emigrated, and the date and place of his arrival in the United States, and, if he entered through a port, the name of the vessel on which he arrived; the time when and the place and name of the court where he declared his intention to become a citizen of the United States; if he is married he shall state the name of his wife and, if possible, the country of her nativity and her place of residence at the time of filing his petition; and if he has children, the name, date, and place of birth and place of residence of each child living at the time of the filing of his petition:

* * * * * * * * * *

"The petition shall also be verified by the affidavits of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits, that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the State, Territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition, and that they each have personal knowledge that the petitioner is a person of good moral character, and that he is in every way qualified, in their opinion, to be admitted as a citizen of the United States.

* * * * * * * * * *

"Sec. 9. That every final hearing upon such petition shall be had in open court before a judge or judges thereof, and every final order which may be made upon such petition shall be under the hand of the court and entered in full upon a record kept for that purpose, and upon such final hearing of such petition the applicant and witnesses shall be examined under oath before the court and in the presence of the court.

"Sec. 10. That in case the petitioner has not resided in the state, territory, or district for a period of five years continuously and immediately preceding the filing of his petition he may establish by two witnesses, both in his petition and at the hearing, the time of his residence within the state, provided that it has been for more than one year, and the remaining portion of his five years' residence within the United States required by law to be established may be proved by the depositions of two or more witnesses who are citizens of the United States, upon notice to the Bureau of Immigration and Naturalization and the United States attorney for the district in which said witnesses may reside."

In view of these provisions of the Naturalization Act of June 29, 1906, the question here presented is, Did section 10 thereof permit the

applicant for naturalization, who had resided within the state of Pennsylvania, where his petition was filed, for a period of five years continuously and immediately preceding the filing of his petition, to take depositions in such state but outside of the judicial district where applicant lived, to establish a portion of the five years residence required to be proven by said act?

The court below has answered this question in the affirmative, on the ground that, though the applicant had resided in the state for the requisite continuous period of five years, he had not so resided for the whole of that period within the federal judicial district of that state, where his application for naturalization was filed.

The question is not without difficulty, but we think that a careful examination of the provisions of the Act above recited makes it clear that the legislative intention, as expressed by the language employed, does not justify the interpolation of the word "judicial" before the word "district," in the second line of the tenth section thereof.

It will be observed that the section immediately preceding section 10 of the act requires that every final hearing upon such petition shall be had in open court before a judge thereof, and that upon such final hearing the applicant and witnesses shall be examined under oath, before and in the presence of the court. In section 10, the framers of the Act, evidently having in mind the difficulty of producing witnesses to prove a residence for a portion of the period of five years in another and perhaps distant state or territory from that in which the application is made, provided that the depositions of such witnesses in other states or territories might be taken where they resided, and used in lieu of testimony before the court, as to the fact of residence in another state, territory or District of Columbia. Section 10 is manifestly an exception to the express rule of section 9, requiring all witnesses as to the period of residence to be examined under oath and before and in the presence of the court. The wisdom of this general rule, founded as it is upon a wide and long experience as to the best method of establishing the truth of facts alleged or in controversy, especially commends itself in a case like the present, where the law is seeking to guard the granting of the privilege of citizenship to aliens by requiring the strictest proof of the important and essential conditions of residence within the country. Clearly, the exception to the general rule should not be loosely construed, and no interpretation thereof should be indulged in, which is not warranted by express language of the act, or, where the language is doubtful, is not made necessary by the general scope and purpose of the act.

Looking through the whole act, and dwelling upon the parts thereof which have been above quoted, we think there will be little difficulty in giving its proper and intended meaning to the word "district," as used in the tenth section of the act and in the next to the last paragraph of section 4. By the third section, the United States circuit and district courts in any state and for certain named territories, and the Supreme Court of the District of Columbia, and state courts of record have conferred upon them exclusive jurisdiction to naturalize aliens. "States," named "territories" and "District of Columbia" are

all well-defined geographical and political names, and together comprise the whole or the largest part of the territory over which the jurisdiction of the Constitution and laws of the country extend. In this view, there seems to be no difficulty in referring the word "district," in section 10, to the "District of Columbia," one of the three geographical names enumerated in section 3, to describe the habitat of the courts upon which exclusive naturalization jurisdiction is conferred. The order in which the words are used is the same,—state, territories, and district. It hardly needs reference to the principle of noscitur a sociis, in the interpretation of this statute, to hold that the word "district," in the fourth and tenth sections, refers to the District of Columbia, mentioned in the third section, and belongs to the same class of geographical and political names to which the words "state" and "territory" immediately preceding in the fourth and tenth sections, belong. As said by the learned counsel for the government:

"It does not comport with the rules of grammatical construction to recite in series and without qualifying words, divisions of two distinct kinds."

If the word had been left out in either of the sections, there would have been no provision for the operation of those parts of the enactment in the District of Columbia. The generic name "district" is sufficient to identify the special appellation "District of Columbia," just as the word "territory" refers to the territories of Arizona, New Mexico, etc.

Moreover, the framers of the act did not omit to use the word "judicial," when they referred to judicial districts, as in the third paragraph of section 3, above quoted, and also in section 15. It cannot be claimed that the word "district" would have no force or effect if the qualifying adjective "judicial" be not read in with the provisions cited in section 4 and 10. On the other hand, if the word "judicial" *is* read into those sections before the word "district," the preceding words, "state" and "territory," are mere surplusage, and that canon of construction which requires that every word of a statute should, if possible, be operative, would be disregarded. Again, the evident intent to establish a uniform system of naturalization throughout the United States, its territories and District of Columbia, would be thwarted, and the strict requirements in regard to the character of the testimony requisite to establish the conditions of citizenship, as set forth throughout the act, and especially in the sections above quoted, would in some respects be inapplicable to the District of Columbia.

We think, therefore, the language of the act, taken in connection with its scope and declared purpose, does not justify the interpretation by which the word "district," in the fourth and tenth sections thereof, should be qualified by the word "judicial," and, on the contrary, that a just interpretation requires, that by the word "district," in these sections, reference is made to the generic designation of the District of Columbia, as used in the third section of the act.

This conclusion may be, and doubtless is, a hardship imposed upon the applicant in this case. We may not, however, in order to avoid the hardship of a particular case, relax the strict requirements imposed by the law making power upon those who seek to obtain the

privilege of citizenship in the United States, or impair in any degree, by judicial interpretation, the safeguards sought to be thrown around the citizenship of the country.

The judgment below is therefore reversed, with instructions to the court below to enter judgment of cancellation in accordance with the government's petition.