### UNITED STATES v. CANTINI.

(Circuit Court of Appeals, Third Circuit. April 21, 1914.)

No. 1806.

1. ALIENS (§ 62*)—NATURALIZATION—RESIDENCE—"RESIDED CONTINUOUSLY."
   The words "resided continuously," as used in the Naturalization Law, requiring five years' continuous residence immediately preceding application for naturalization, do not mean that the alien's residence shall not be interrupted at all for such period, but the question whether he has "resided continuously" in the United States for five years immediately preceding his application is a question of fact to be determined from all the facts and circumstances in the case.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125; Dec. Dig. § 62.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR. (§ 1009*)—FINDINGS BY TRIAL JUDGE—REVIEW.

    The presumption in favor of the finding of fact by a trial judge is less strong where the hearing is on bill and answer than where a trial or hearing of the usual character has been had.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3970–3978; Dec. Dig. § 1009.*]

3. ALIENS (§ 68*)—NATURALIZATION—CONTINUOUS RESIDENCE.

    Where, during the five years immediately preceding an alien's application for naturalization, he left the United States and returned to Italy to visit his parents, expecting to return in three months, and requested his employers to retain his position, but, owing to his marriage abroad, the birth of a child, and other circumstances, he remained out of the United States for almost two years, he could not be lawfully said to have resided continuously within the United States for the necessary five years preceding his application.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

In Error to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Action by the United States against Giacinto Cantini to set aside a certificate of naturalization. From a decree in favor of defendant (199 Fed. 857), the United States appeals. Reversed, with instructions.

E. Lowry Humes, of Meadville, Pa., for the United States.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. This appeal is from an order dismissing a petition in which the government sought to cancel a certificate of naturalization on the ground that it had been illegally obtained.

[1] The facts are set out so fully in the opinion of the District Court, which will be found in 199 Fed. 857, that we need not repeat them. The brief for the government concedes that the question for decision is whether Cantini "resided continuously" within the United States for at least five years before the date of his application. To quote from the argument:

"Does that phrase require an applicant for naturalization to live and have his abode within the United States for the entire period of five years immediately preceding his application? Or may the applicant during a considerable part of such period maintain a constructive residence within the United States, by the mere intent on his part to return thereto while actually living outside its limits? If an actual physical existence within the United States is necessary, then the court below was undoubtedly in error in dismissing the bill of the United States, because it was admitted that the respondent had spent almost two years of the five years immediately preceding his application in his native land, and therefore he had been illegally admitted to citizenship. On the other hand, it is admitted that the respondent, although he married and lived in his native land for two years of said period of five years, intended ultimately to return to the United States and make his home there; and, if such intent is sufficient to establish the continuous residence mentioned in the statute, then the action of the court in refusing to cancel his certificate of citizenship was proper."

The case is not free from difficulty. It is scarcely to be doubted, we think, that the phrase "resided continuously" would be unreasonably restricted if it should be confined to the precise and literal meaning of the words. The continuous character of an alien's residence would thus be fatally interrupted by the briefest visit of pleasure, or friendship, or business, beyond the boundaries of the United States; and the rules of construction admonish us that we are not to suppose that Congress intends any statute to produce an unreasonable result, unless the language used be such as to leave no fair doubt that such a result was the object of the law. In the act of 1906 (Act June 29, c. 3592, § 4, par. 4, 34 Stat. 596 [U. S. Comp. St. Supp. 1911, p. 531]), the phrase in its common and ordinary use appears to have an elastic meaning, so elastic in fact that we may easily imagine two sets of circumstances in each of which the intention of the alien would be the same, although the conclusion would be different. For example, let us suppose that Cantini's absence in Italy had been due to the fact that he had been immediately arrested in that country on a groundless charge, and had been detained in prison for the period in question. Having left the United States with the intention of returning in a short time, and having been prevented by force from carrying his intention into effect, the continuous character of his residence would probably not be disturbed. On the other hand, it would be idle to contend that his residence had not been abandoned in fact, if he had bought a farm, established a family and a home, and entered the Italian army as a volunteer, although he might have continued to cherish the intention of returning. In a word, the question must of necessity be a question of fact in any given case, and the mere declaration by the alien that he intended to maintain his residence here may not be sufficient to overcome the persuasive facts that point in an opposite direction.

[2, 3] This record therefore presents a question of fact rather than a question of law. At all events, we do not feel called upon to attempt the difficult and elusive task of defining the phrase referred to, and for this reason we see no occasion to discuss any of the cases that have been cited. Among these are In re Walton, Fed. Cas. No. 17,127; Ex parte Saunderson, Fed. Cas. No. 12,378; In re An Alien, Fed. Cas. No. 201a; In re Schneider (C. C.) 164 Fed. 335; Penfield v. Railroad, 134 U. S. 351, 10 Sup. Ct. 566, 33 L. Ed. 940; U. S. v. Simon (C. C.) 170 Fed. 680; U. S. v. Aakervik (D. C.) 180 Fed. 137; U. S. v. Rockteschell, 208 Fed. 530, 125 C. C. A. 532; and In re Deans (D. C.) 208 Fed. 1018. We are merely required to decide whether an inference of fact drawn by the District Court from other conceded facts meets with our approval. The presumption in favor of a finding below exists, even where the hearing is upon bill and answer, but in such a case the presumption is naturally less strong than where a trial or hearing of the usual kind has taken place. In such a situation, differences of opinion will inevitably arise, and the prevailing opinion will reflect the view of the court of final appeal. Recognizing the difficulties of the present controversy, and disclaiming the intention to lay down a general rule, we can only say that the undisputed facts before us seem to establish the fact that Cantini had not resided continuously within the

United States for at least five years preceding his application. As a result, we think that the government's attack upon his certificate should have been sustained.

The decision dismissing the petition is reversed, with instructions to enter an order of cancellation, but without prejudice to the alien's right to make a new application at the proper time.