In re TIMOURIAN.

(District Court, S. D. New York. July 28, 1915.)

ALIENS &⊂62—NATURALIZATION—CONTINUITY OF RESIDENCE—TEMPORARY ABSENCE FROM UNITED STATES.

    Where an alien during the entire five years next preceding his application for admission to citizenship was domiciled in the United States, where he was in business and intended to remain, the fact that during that time he left the United States on a business trip for his firm, returning as soon as such business was completed, did not break the continuity of his residence required by the naturalization statute.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125; Dec. Dig. &⊂62.]

In the matter of the application of Onnik Setrak Timourian to become a citizen of the United States. Application granted.

Hugh Govern, of New York City, for petitioner.

Charles E. Muller, U. S. Naturalization Examiner, of Department of Labor, opposed.

AUGUSTUS N. HAND, District Judge. The petitioner educated himself at Roberts College, Constantinople, for life in the United States, and since he came here in 1909 to enter into partnership with members of his family he has had his entire property and business interests in New York. I feel no doubt that the petitioner is an educated, prosperous man who has for years been legally domiciled in New York and is a most desirable applicant for American citizenship. The only question as to his legal qualifications is due to the fact that on March 12, 1913, he went to Persia on a business trip for his firm to buy rugs and carpets and remained away from the United States until August 13, 1914. He took with him a passport good only for six months, spent but a very short time at his old home in Turkey, maintained himself wholly upon New York funds, was engaged while abroad in no other business than buying for his New York house, and returned as soon as the time required for his trip, which owing to various delays was much longer than he had anticipated, would permit.

———————————

&⊂For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

I think the interruption of this commercial trip is not, under all the circumstances, sufficient to prevent a finding of that continuous residence within the United States contemplated by the statute. I think the opinion of Judge Betts, In re Alien, Fed. Cas. No. 201a, that of Judge Ward in the recent case of In re Schneider (C. C.) 164 Fed. 335, and the language of Judge McPherson in U. S. v. Cantini, 212 Fed. 925, 129 C. C. A. 445, indicate that a man is not to be deprived of citizenship for lack of continuous residence for five years when he has established and kept a legal domicile in the United States for that time and been out of the country less than one-third of the period and then only by reason of unforeseen business exigencies. His domicile during the period of five years is undoubted as well as his intention while on his business trip to return as soon as possible to New York as his permanent home.

I think his case is stronger than that of the sailor whose residence Judge Betts in the case above cited held continuous, within the meaning of the statute, and I shall grant the application accordingly.