## UNITED STATES v. SHANAHAN.

(District Court, E. D. Pennsylvania. April 8, 1916.)

### No. 1377.

1. ALIENS ⊜60—NATURALIZATION—RIGHT.

The admission of aliens to citizenship is a privilege, not a right, and Congress may prescribe the conditions under which the privilege may be enjoyed: but when the alien has complied with the prescribed conditions the privilege ripens into a right.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 117, 118; Dec. Dig. ⊜60.]

2. ALIENS ⊜71½, New, vol. 7 Key-No. Series—NATURALIZATION—PROCEEDINGS TO CANCEL—FINDINGS OF FACT.

In proceedings to cancel a naturalization certificate because illegally granted, the finding of the court which granted the certificate that the

⊜For other cases see same topic & **KEY-NUMBER** in all Key-Numbered Digests & Indexes

applicant had continuously resided within the United States for the pre-
scribed time will not be reviewed, even if, on the evidence, the court hear-
ing the petition to cancel would have reached a different conclusion.

3. ALIENS ☞71½, New, vol. 7 Key-No. Series—NATURALIZATION—PETITION TO
CANCEL—"ILLEGALLY PROCURED."
    A naturalization certificate can be canceled, because "illegally procur-
ed," where any of the jurisdictional facts necessary to the granting of the
certificate are absent from the record.
    [Ed. Note.—For other definitions, see Words and Phrases, First and
Second Series, Illegally.]

4. ALIENS ☞62—NATURALIZATION—"RESIDED CONTINUOUSLY."
    The requirement of the naturalization laws that the applicant shall
have "resided continuously" in the United States for the prescribed time
does not require his unbroken physical presence during that time, but
only that he maintain a bona fide residence and domicile here, and is a
question of fact, into which intention enters as a controlling element.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125; Dec.
Dig. ☞62.
    For other definitions, see Words and Phrases, Second Series, Resided
Continuously.]

Petition by the United States against Roger Shanahan for the can-
cellation of a naturalization certificate. Petition dismissed.

Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U.
S. Atty., both of Philadelphia, Pa.

O. Charles Brodersen and Benjamin H. Leiterman, both of Phila-
delphia, Pa., for respondent.

DICKINSON, District Judge. The respondent was naturalized July
17, 1914. There was and is no reason to doubt that he emigrated
from Ireland to this country with the full bona fide purpose to cast
his lot with us. He followed this with the required declaration of
his intention to become a citizen. He then filed his petition in accord-
ance with the requirement of the law, and supported this with the full
measure of proof that he was (otherwise than because of the objection
next stated) entitled to be granted the privilege of citizenship for which
he asked. The court "was satisfied" by the proofs submitted and
admitted him. The objection referred to was based upon the fact
that after he had made his declaration of intention he received a
message from his old mother that she was critically ill and wished to
again see her son before she died. Answering to this appeal, he went
to her. The good faith of his statement that he went only in response
to this appeal, and with every purpose to continue his residence in
America, is evidenced by the fact that he came back on the first ship
which sailed for this country after his mother was buried. The pres-
ent petition for cancellation of his certificate of naturalization is based
upon the sole ground of this break in the time of his physical presence
in this country, and that because of this he has not "continuously re-
sided" here. There is no suggestion of imposition upon the court, or
concealment or attempted concealment of the facts, much less of fraud,
and no suggestion even that the "certificate of citizenship was illegally
procured," except in the averment of error in the court in its finding
of the fact of continuous residence.

Congress, in pursuance of its constitutional power "to establish a uniform rule of naturalization," has provided us with our present system. These laws confide the power to certain courts, and impose the duty upon the District Courts of admitting to citizenship. Certain things are preliminarily essential to the exercise of this power. These are the jurisdictional facts. One of them is a previous declaration of the intention of the applicant to become a citizen. Another is that he shall within the prescribed time thereafter file his petition in the required form, and this petition must be verified by the affidavits of at least two credible witnesses, who are themselves citizens, to the fact of residence, etc. What follows is a matter of "proofs." In other words, it is a finding of facts from evidence. This is a judicial act, or a judgment, the memory of which is preserved in the records of the court. Congress has further made it the duty of the United States district attorney upon a certain showing to institute proceedings for "setting aside and canceling" certificates of citizenship on the ground (as already stated) "of fraud," or on the ground that they were "illegally procured."

[1] It is, of course, true that, outside of the acts of Congress, admission to citizenship, like the admission of aliens to our shores, is not a right, but a privilege. Congress may prescribe the conditions upon which these high privileges may be enjoyed, and may commit to any official or tribunal the determination of any questions of fact upon which the privilege may depend. The right of appeal from the judgment rendered may be given or withheld. Congress has seen fit to commit the determination of the facts to the courts, and has made no provision for an appeal from the judgment reached. When an applicant has met all the requirements of the law, the privilege accorded him ripens into a right. It is his legal right to submit his petition and proofs to the court as the constituted tribunal to pass upon them. If certain facts appear to the satisfaction of the court, he is entitled to citizenship.

[2] In similar proceedings like findings made by an official or tribunal other than a judge or a court are not disturbed because a different conclusion might have been reached on the facts. The courts will not assume to sit in judgment to review findings of fact which it is the duty of another tribunal to make. This is the established rule. U. S. v. Rodgers, 191 Fed. 970, 112 C. C. A. 382. Why should not the same rule apply to a finding by a judge or a court? The principle remains the same when the court in one form of proceeding is asked to review its findings made in the course of another proceeding.

[3] The rule, of course, has its limitations. These are well recognized. They have their practical application in this provision of the law for cancellations. If the certificate was procured by fraud, it may be canceled. So likewise if it "was illegally procured." The absence from the record of any of the jurisdictional facts would make the certificate "unlawful," because issued without warrant of law. The moment, however, we get beyond the record and the jurisdictional facts, we get into the domain of the "proofs." In the first place, we have no record of what these were, and in any event, in the absence of fraud, or an abuse of power by the tribunal which has passed

upon them, we are doing nothing else than hearing the evidence over again and retrying the case on its facts.

[4] The law, it is true, requires the applicant to have "resided continuously" in the United States the prescribed time. If this means an unbroken physical presence, this applicant, under the facts averred now, should not have been admitted, and his admission by the court might well be held to be such an abuse of power as to make the issue of the certificate "illegal." This, however, it does not mean. It means only that the applicant shall have maintained a bona fide residence or domicile here. This has been determined for us in the case of U. S. v. Cantini, 212 Fed. 925, 129 C. C. A. 445, with a clearness of statement which should finally settle this strangely vexing question of what constitutes residence. It is a question of fact; into which intention enters as a controlling element. Intention is a mental attitude, but we are not dependent for a knowledge of its existence wholly upon verbal declarations. They are evidence only, and may be overborne by the persuasive force of other facts, which are also in evidence. Physical presence in the claimed place of residence is consistent with the claim of domicile, and absence may be found to be inconsistent with such a claim. It cannot be said, however, that absence, even when prolonged, is necessarily, or of itself, so inconsistent as to compel a finding against residence.

Take what would seem now to be the facts of this case. A visit to Ireland, made on the appeal of a dying mother, coupled with an immediate return as soon as the son had seen her buried, would be thought by no one to in itself negative the fact of a continued residence in this country; nor would the length of the stay, if such were the sole motive of the visit, of itself control the decision. It can be easily understood that days might lengthen into weeks, and weeks into months, without weakening the evidence of an intention to keep his residence here. It is the happy heritage of the Irish people that the ties of family affection are not lightly held or easily broken, and it is proper to take this into account in weighing evidence of this kind. Indeed, were we now weighing this evidence, it is easy to understand that it might be so strong as that the number of months over which the visit lasted would not control the judgment. We have before us now nothing but the length of the visit. Viewed by itself alone, it must be confessed to be staggering to belief in it as a visit. Did we have before us now, as the court had then, all the detail facts and circumstances, the length of time might impress us less. It may be that the length of the visit was given less weight than it otherwise would have had because of the effort made then, as is made now, to impress us with the view that an unbroken physical presence is required by the act of Congress.

However this may be, the conclusion reached is that the court, when it admitted this applicant, was "satisfied" of the fact of residence, and, being so satisfied, it was proper to admit him to citizenship, and we see no justification for canceling the certificate because of the fact (even if it were the fact) that from a view of part of the proofs which were then before the court we differed in our judgment of the weight of the evidence.

The petition to cancel is dismissed.