# RE CHRISTIAN MADSEN.

San Juan, Naturalization, No. 910.

RESIDENCE OF APPLICANT.

Naturalization—Residence.

1. Temporary residence abroad, with the intention of returning to the United States, does not interrupt the running of the time required for naturalization.

Residence—District of Application.

2. While five years' residence is required in the United States, only one year is required in the district of application.

Witness—Absence.

3. The temporary absence of one witness does not interfere with his competency to testify to the residence of an applicant when the time is short and he has received frequent letters duly postmarked from the applicant.

Opinion filed December 23, 1919.

Mr. *O. B. Frazer* for applicant.

HAMILTON, Judge, delivered the following opinion:

1. The applicant, Christian Madsen, came to Porto Rico in 1911 and has lived here ever since that time excepting five months on business in the Dominican Republic and two short vacations in the United States. The short vacations present no difficulty, as the Naturalization Law, like every other law, is made for average people, and in America at least it is not customary for men to stay five years in one town. The absence in

Re Madsen.

the foreign country of Santo Domingo on business is less clear. It seems, however, that he was there with the intention of only temporary absence from Porto Rico. His wife is an American, and his family were in the United States during his absence in Santo Domingo, where he was on business for a Porto Rican concern. In Re Timourian, 225 Fed. 570, there was an absence of over a year, and it was held not to invalidate his American residence. Cases to the same effect are cited in that opinion. Re Deans, 208 Fed. 1018; United States v. Jorgenson, 241 Fed. 412; Re Schneider, 164 Fed. 335.

It would seem, therefore, that the temporary absence in question is not material.

2. The law requires five years' residence in the United States, but only one year's residence in the district of application immediately before the application. Applicant's previous residence on the mainland of the United States is in conformity with the law.

3. One witness was himself absent from Porto Rico for a while, and the question arises whether, under those circumstances, he can testify to petitioner's residence in Porto Rico at that time. The witness in question knew Madsen very well, and testifies to having received frequent letters from him postmarked Porto Rico, and themselves containing statements and references showing that Madsen was a resident of Porto Rico at the time they were written. The witness knew petitioner's handwriting, and the letters were part of the regular correspondence, being in answer to letters sent by the witness. The construction of law is that letters received in due course of mail are prima facie genuine and their contents are admissible. 17

XI. Porto Rico.—29.

Re Madsen.

Cyc., 411; 10 R. C. L. 878. Such evidence would be unsatisfactory if it stood alone, for it would hardly amount to the best evidence. In the case at bar, however, the other witness testifies as of personal knowledge, and the absence of the witness in question was temporary. His absence in fact was merely a short break in his own actual residence in Porto Rico. He knew originally by every means that one can know the residence of the petitioner in Porto Rico, and during the short time of his absence there would be the presumption of continuance of residence of the applicant, which is re-enforced by the letters above mentioned. It is amply shown that the applicant would make a good citizen, and the court will admit him on the showing made.

It is so ordered.