### UNITED STATES v. KUMMER.

(District Court, E. D. New York. May 29, 1924.)

1. **Aliens ⟨⟩62—Absence of more than two years held to interrupt continuity of residence in United States.**

   Absence from the United States for more than two years, though with the intention of returning, *held* to interrupt continuity of residence within the United States, under Rev. St. § 2170 (Comp. St. § 4360), requiring residence within the United States for the continued term of five years before admission to citizenship.

2. **Aliens ⟨⟩62—Residence in Philippine Islands held not residence "within the United States."**

   Residence in the Philippine Islands *held* not residence "within the United States," within Rev. St. § 2170 (Comp. St. § 4360), requiring residence "within United States" for five years before admission to citizenship, especially in view of Naturalization Act, as amended May 9, 1918.

In Equity. Bill by the United States against Max Kummer to cancel certificate of naturalization. Judgment for petitioner.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Joseph M. Crooks, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Robert P. Levis, of New York City, for respondent.

GARVIN, District Judge. This is a bill in equity to set aside, cancel, and declare null and void a certificate of naturalization issued to

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the respondent out of this court on the 26th day of July, 1923. The bill was filed under section 15 of the Act of June 29, 1906 (Comp. St. § 4374), as amended May 9, 1918 (40 Stat. 542), which makes it the duty of the United States attorney to institute proceedings to cancel a certificate of citizenship, when such certificate has been illegally procured.

The respondent came to the United States on October 7, 1915, and alleges continuous residence in the state of New York since October 15, 1915. During the year 1919 he became a member of a New York firm. The next year he married an American citizen and leased a home in the borough of Richmond. On November 26, 1920, at the request of his partners, in the interest of business, he left the United States for the Philippine Islands. After an absence of approximately 26 months he returned to the United States, January 17, 1923, and 6 months later applied for admission to citizenship.

[1] It is provided by section 2170 of the United States Revised Statutes (Comp. St. § 4360) that:

"No alien shall be admitted to become a citizen who has not for the continued term of five years next preceding his admission resided within the United States."

The respondent contends that residence is a matter of intention, and that from the facts it is clear that he always intended to remain a resident of the state of New York and of the United States, and at the time of his departure it was his fixed intention to return to the United States as soon as the business transactions upon which he left were completed. He contends, also, that the phrase "continued term of five years" does not mean an actual bodily presence within the United States every day of the five years up to the time of admission to citizenship. Furthermore, the respondent states that, even if the continuity of his residence were to be considered as broken, his residence in the Philippine Islands is residence "within the United States," since the Philippines are territory belonging to the United States, and therefore are a part thereof.

The court does not doubt that it was Kummer's fixed intention to return to the United States, but it believes that a case of this character can only be determined according to the circumstances. It was held in United States v. Mulvey, 232 Fed. 513, 146 C. C. A. 471, that the question of whether an alien's absence has put an end to the continuous character of his residence is one which the court must determine according to the facts of the case. Kummer was absent from the United States for almost half the period of time required to be spent in the United States preceding the date of his petition for naturalization. A shorter absence might be disregarded, but, as stated in United States v. Mulvey, supra:

"While a resident domicile in this country might not be interrupted by transient absences animo revertendi, we are satisfied that for the purposes of this act it is interrupted by an absence which extends over a period of two years and two months."

In the case of United States v. Cantini, 212 Fed. 925, 129 C. C. A. 445, cited in government's brief, the government sought to cancel a

certificate of naturalization. The defendant had come from Italy to the United States, lived in this country for more than nine years, and then returned to Italy to visit his parents, where he remained for two years. The District Court found that he had never abandoned nor intended to abandon his residence in the United States and granted naturalization. This action was overruled by the Circuit Court of Appeals, which held that two years was considered too long an absence, and that therefore the defendant could not be considered as having resided continuously within the United States for five years preceding his application. The court is constrained to regard these cases above cited as controlling in the case at bar.

[2] The statute requires "residence in the United States." May residence in the Philippine Islands be considered as residence in the United States? The Philippines are a territory of, not a part of, the United States. It would be an extremely broad interpretation of the statute to maintain that by the phrase "in the United States" is included, not only the United States proper, but all territory subject to its sovereign dominion. The naturalization statutes have been construed strictly by the courts.

"As said by Mr. Justice Day, the right of aliens to acquire citizenship is purely statutory. Laws regulating and restricting such admission are not in derogation of common right, and there is therefore no rule of strict construction to be applied to these statutes as against the United States, in favor of one seeking such admission. On the contrary, an applicant for admission to citizenship must show strict compliance with the conditions imposed by law upon his admission." U. S. ex rel. De Rienzo v. Rodgers, 185 Fed. 334, 107 C. C. A. 452.

There is a section of the Naturalization Act, as amended May 9, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352, subd. 7), which provides the only instance when residence in the Philippine Islands may be permitted to be counted as residence for United States citizenship:

"Any alien declarent who has served in the United States army or navy, or the Philippine constabulary, and has been honorably discharged therefrom, and has been accepted for service in either the military or naval service of the United States on the condition that he becomes a citizen of the United States, may file his petition for naturalization upon proof of continuous residence within the United States for the three years immediately preceding his petition, by two witnesses, citizens of the United States, and in these cases only residence in the Philippine Islands and the Panama Canal Zone by aliens may be considered residence within the United States, and the place of such military service shall be construed as the place of residence required to be established for purposes of naturalization."

The case of this respondent obviously does not fall within this provision. Under the authorities—Johannessen v. U. S., 225 U. S. 227, 32 Sup. Ct. 613, 56 L. Ed. 1066; U. S. v. Cantini, 212 Fed. 925, 129 C. C. A. 445; U. S. v. Kolodner, 204 Fed. 240, 124 C. C. A. 1; U. S. v. Leles (D. C.) 227 Fed. 189; U. S. v. Mulvey, 232 Fed. 513, 146 C. C. A. 471—the court does not consider the matter as res judicata.

The relief prayed for in the plaintiff's bill is granted.