## In re MEISLING.

District Court, E. D. Pennsylvania. June 8, 1928.

### No. 89087.

Aliens ⬉68(5)—Proof of residence within state, in addition to subscribing witnesses, is admissible as oral testimony, though not in form of depositions (Act June 29, 1906, § 10, as amended [8 USCA § 383]).

Under Act June 29, 1906, § 10, as amended (8 USCA § 383), requiring applicant for naturalization, in cases where required five years' residence had not been in state, to establish by two witnesses, both in his petition and at the hearing, the time of his residence within state and time of residence elsewhere by depositions, proof as to residence within state, in addition to that of subscribing witnesses, is admissible in the form of oral testimony of witnesses present in court, though not admissible in form of depositions authorized in case of out of state witnesses.

Naturalization Proceeding. Application for naturalization by Vaughn Francis Meisling. On exceptions on behalf of the United States. Application granted, on condition applicant make designated proof.

Vaughn Francis Meisling, in pro. per.

George W. Coles, U. S. Atty., of Philadelphia, Pa., opposed.

DICKINSON, District Judge. This application came on for hearing May 2, 1928,

and at the suggestion of the naturalization examiner a ruling thereon was withheld, pending the submission of a brief outlining the grounds of objection to the naturalization prayed. The petition was filed November 25, 1927, averring a continuous residence in the United States since October 25, 1920, and in the state of Pennsylvania since October 20, 1926. These dates are taken from the brief submitted. There may be in them some confusion, but nothing to affect the answer to the question raised. The fact thus stated and compliance with all the formalities of the law (except as next noted) are not denied.

The objection is based upon the developed fact that neither of the supporting subscribing witnesses had any personal knowledge of the residence of the petitioner in the United States before October 20, 1926. At the time of the filing of the petition under authority of section 10 of the Act of June 29, 1906, as amended (8 USCA § 383), petitioner served notice that he intended taking depositions of residents of Massachusetts to the fact that he had resided there from November 25, 1922, to June 25, 1924, and that he would supplement this by depositions of other witnesses in the state of Louisiana to his residence there from June, 1924, to January, 1926, and of witnesses in the state of Virginia to his residence there during the year 1926, to October 20, 1926, when he came to Pennsylvania.

Had the witnesses met the expectations of the applicant, it is to be noted that a full five years' residence in the United States would have been established. The depositions, however, as taken, disclosed the fact that the Massachusetts witnesses had no personal knowledge of the petitioner until a date in January, 1923. It will be again noticed that this left a hiatus of about six weeks, uncovered by proofs of his residence in the United States. The fact then developed that the applicant had been in Philadelphia from between November 25, 1922, to January, 1923, when he went to Massachusetts. Petitioner has accordingly asked to supplement the proofs introduced in the form of the statements of the subscribing witnesses and the statements in the depositions, by calling other witnesses at the hearing of the application who testified to his residence here, so that the testimony of all of the witnesses establishes the required five years' residence.

The objection is planted upon the ground that an applicant for citizenship must not only be able to prove by the testimony of two or more witnesses at the hearing of his application the time of his residence in the United States and in the state of Pennsylvania, but the witnesses called to establish this fact must likewise be subscribing witnesses to his application. This is because of the phrase in section 10 of the act of Congress relating to cases in which the required five years' residence has not all been in the state in which naturalized. In such cases "he may establish by two witnesses, both in his petition and at the hearing, the time of his residence within the state," etc., and the time of residence elsewhere by depositions.

The point of the objection is that the applicant before us establishes a part of his residence in Pennsylvania by the testimony of two witnesses, "both in his petition and at the hearing," and the remaining part of his residence in Pennsylvania by the testimony of two witnesses "at the hearing," but who are not witnesses "in his petition." We are referred to two cases in support of the objection. U. S. v. Martorana (C. C. A.) 171 F. 397; U. S. v. Kolodner (C. C. A.) 204 F. 240. The first case rules that the petition must have the support of two subscribing witnesses lacking which it is a nullity. The second case ruled (before the amendment to the act) that the word "district" meant "District of Columbia," not "judicial district," and that the witnesses, if within the state, must appear in court, and that a deposition taken out of court was not a substitute for their oral testimony in court. It is thus clear that neither case rules, although one touches the point here raised.

The real difficulty which the instant case presents is to extract a meaning from the act of Congress relating to a subject-matter respecting which the act is silent. This is doubtless because the present fact situation was not in mind when the act was drafted. There was in mind the two cases, one in which the full five years' residence had been in the state where naturalized, and the other the case in which the residence was for part of the time in the state of naturalization and the rest of the time in another state. There is no specific provision for a case such as the instant one, in which two parts of the time have been spent in one state and the remainder of the time in another.

The applicant fully meets the qualification of citizenship, in that he has resided in the United States for the full five years period and within the state for one year. Notwithstanding that he is thus privileged to be naturalized, he cannot be if the act is applied with verbal strictness, because the sub-

scribing witnesses must be two and there are no two witnesses who can make full proof. A construction can, however, be given to the act which might meet any conditions presented. The act primarily requires that the proofs shall be made in open court by the oral testimony of the witnesses. There is no provision for taking the testimony out of court, except in cases of witnesses who reside in another state. Hence the ruling, in the second of the above-cited cases, that the testimony of a state witness cannot be taken outside of court. This differs from the ruling that the testimony cannot be heard in court. The latter proposition is the basis of the objection. The quoted phrase that the facts may be established "by two witnesses, both in his petition and at the hearing" creates the only obstacle to accepting the construction of the act which we have in mind. If taken literally, this means that two witnesses must be able to depose to the whole time of residence within the state, and that these two witnesses must subscribe to the petition and likewise appear in court.

In the instant case two such witnesses cannot be found. The construction which we think the act of Congress will bear is (1) that there must be two subscribing witnesses; (2) that there must be witnesses to the full term of five years in the United States and one in the state; (3) that out of court testimony can be received only from witnesses who are out of the state; and (4) that an applicant who has two subscribing witnesses to a year's residence in the state may prove his five years' residence in the United States by the testimony in court of the two witnesses, supplemented by the depositions of out of state witnesses to the remainder of the five years' residence within the United States. This applicant is able to meet all four of these requirements, except that the testimony of the two subscribing witnesses plus the depositions of the out of state witnesses do not cover the whole 5-year period, but must be supplemented by the testimony of other witnesses.

Our construction of the act is, as construed in the cited cases, that this additional proof cannot be received in the form of depositions; but we see no reason for not receiving it in the form of the oral testimony of witnesses present in court. We in consequence rule that the construction to be given to the act of Congress is that there must be the testimony of two witnesses to the one year's residence in the state, which witnesses must likewise subscribe to the written application, and that the uncovered period of

26 F.(2d)—43½

the five-year residence in the United States required may be covered by the depositions of witnesses who reside out of the state, supplemented by the oral testimony in court of two other witnesses to such of the uncovered residence in the United States as may have been passed within the state of Pennsylvania in which naturalized.

It follows that the applicant, on making the proofs above indicated, may be admitted to take the oath of allegiance.