## UNITED STATES v. KOLPACHNIKOFF.

Circuit Court of Appeals, Third Circuit.
August 14, 1929.

No. 4023.

George W. Coles, U. S. Atty., and Chas. Denby, Jr., Asst. U. S. Atty., both of Philadelphia, Pa.

W. Jas. MacIntosh, of Philadelphia, Pa. (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This naturalization case stands on its own facts, and these facts are that, after three years and four months' residence in the United States, the petitioner returned on the business and at the request of an American firm to the country of his nativity and remained there for four years and four months, when he returned to the United States. Before his departure he declared in court his intention to become a citizen of the United States, and shortly after his return presented·his petition to be made one. When he went abroad, it was expected the business would not necessitate a stay in excess of two or three years. He made efforts to return, but was requested by his employers to remain for the longer period in order to finish up their business. He had at all times a purpose to return to the United States. He left personal belongings in care of his landlady here with the understanding he would get them on his return.

His application was opposed by the naturalization authorities on the ground that he had not, to use the words of the statute, "immediately preceding the date of his application * * * resided continuously within the United States five years," and that his witnesses had no contact whatever with him during four and a half years of that period. Do these unquestioned facts show a compliance with the statute? If timely, continuous residence, the requirement of the statute, was not shown, the application was properly denied unless the applicant can show that his absence for some part of the statutory period was temporary or that an intended temporary absence was so lengthened by unlooked for events, as not to be adjudged a failure to continuously reside. But in this case he had no business or property in the country of his birth as required his return and attention. He voluntarily engaged in

carrying on the business abroad of another person, which necessitated an absence of from two to three years, and, when that time had expired, he voluntarily extended his stay to four and a half years. In our opinion this protracted, continuous, voluntary living abroad of the petitioner for four and a half years was such a substantial departure from the above-quoted continuous residence statutory requirement as constrained the denial of his petition for citizenship. This conclusion is in accord with cases where refusal or cancellation of papers were decreed, U. S. v. Bragg (D. C.) 257 F. 589, where four years and seven months' absence on business with nothing to prevent return, and which strikingly resembles the present case; United States v. Cantini (C. C. A.) 212 F. 927, where a social trip to applicant's home country was voluntarily lengthened to nearly two years; United States v. Mulvey (C. C. A.) 232 F. 514, where the applicant went to his home country to see his mother who was sick, no circumstances were shown to warrant the extension of his visit which he voluntarily lengthened to two years and two months.

It follows, therefore, that the order granting naturalization must be vacated. In arriving at this conclusion we record the fact of the high qualifications of the applicant for citizenship in every regard save that of continuous residence and the present order is made without prejudice to his right to apply for citizenship in due course.