LEATHER MFRS.' NAT. BANK v. TREAT, Collector of Internal Revenue.

(Circuit Court of Appeals, Second Circuit. January 28, 1904.)

No. 43.

1. BANKS—FEDERAL TAXATION—UNDIVIDED PROFITS—CAPITAL.

Where a fund accumulated by a bank was carried on its books under the head of "profit and loss" for a period of years, and was used in the bank's business like its other capital, such fund, though not "surplus," should be regarded as an accretion to capital, and was therefore subject to federal taxation under Act Cong. June 13, 1898, c. 448, § 2, 30 Stat. 448 [U. S. Comp. St. 1901, p. 2286], providing that bankers using or employing a capital not exceeding certain amounts shall pay certain federal taxes, and that, in estimating capital, surplus shall be included.

In Error to the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 116 Fed. 774.

James M. Gifford, for plaintiff in error.

Chas. D. Baker, for defendant in error.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

WALLACE, Circuit Judge. The plaintiff in error was the plaintiff in the court below, and brings this writ of error to review a judgment for the defendant entered upon sustaining a demurrer to the complaint. It appears by the complaint that in February, 1902, the defendant, in assessing the plaintiff the amount of a tax upon its capital, included as part of its capital the sum of $77,796, which, according to the complaint, was standing on the books of the plaintiff under the profit and loss account, and "represented the undivided profits of the plaintiff as the same existed at the end of the preceding fiscal year." The complaint stated the facts with reference to the sum in question as follows: "Instead of paying out to the holders of the capital stock of the plaintiff all the profits from year to year and at the expiration of each fiscal year, the plaintiff reserved a portion thereof, and passed the same to the credit of 'profit and loss,' holding the amount so reserved subject to the application of the same in payment of any dividends which might be declared from the said profits whenever the business condition of the plaintiff warranted, and as a protection against losses which might arise, thereby diminishing and depreciating the surplus fund already reserved and carried on the books of the plaintiff. The said sum of $77,796, so reserved, constituted in part

the profits reserved and accumulated for a period of years terminating with said 30th day of June, 1901, premiums on bonds, and other increments of value, as the same appeared on said 30th day of June, 1901"; and it further alleges such sum to have been "held in no other way and for no other purpose except as a protection against losses, and as a guard and protection to its surplus and capital." Upon the facts thus stated in the complaint, the court below held that the sum in controversy was properly assessed by the defendant.

The case thus presents the question whether the profits of a banking corporation which accrue from its earnings, after deducting all expenses and dividends, and which are thereafter carried on its books as a distinct fund, sometimes called "profit and loss," but usually "undivided profits," are liable to taxation under section 2 of the act of Congress of June 13, 1898. That section reads as follows:

"Sec. 2. That from and after July first, eighteen hundred and ninety-eight, special taxes shall be, and hereby are, imposed annually as follows, that is to say:

"(1) Bankers using or employing a capital not exceeding the sum of twenty-five thousand dollars, shall pay fifty dollars; when using or employing a capital exceeding twenty-five thousand dollars, for every additional thousand dollars in excess of twenty-five thousand dollars, two dollars, and in estimating capital surplus shall be included. The amount of such annual tax shall in all cases be computed on the basis of the capital and surplus of the preceding fiscal year. Every person, firm or company, and every incorporated or other bank, having a place of business where credits are opened by the deposit or collection of money or currency, subject to be paid or remitted upon draft, check, or order, or where money is advanced or loaned on stocks, bonds, bullion, bills of exchange, or promissory notes, or where stocks, bonds, bullion, bills of exchange, or promissory notes are received for discount or sale, shall be a banker under this Act." War Revenue Law of June 13, 1898, c. 448, § 2, 30 Stat. 448 [U. S. Comp. St. 1901, p. 2286].

The argument at the bar has been largely directed to the question whether the undivided profits are "surplus" within the meaning of the statute. The provision for including "surplus in estimating capital" was probably inserted to remove the doubt created by a decision of Mr. Justice Nelson in construing a former statute which imposed a tax upon capital as taxing only the share capital of a banking corporation. Bank v. Townsend, 5 Blatchf. 315, Fed. Cas. No. 9,381. The provision would seem to have been unnecessary, as without it, when a statute, as this does, levies a tax upon the capital used or employed by bankers generally, firms and individuals as well as corporations, the meaning is to tax all the money and assets invested in the business as the basis of profits (Bailey v. Clark, 21 Wall. 284, 22 L. Ed. 651), not only the original investment, but also the additions and accretions. Mutual Insurance Co. v. Supervisors of Erie, 4 N. Y. 442; People v. New York, 23 N. Y. 219; Wetherbee v. Baker, 35 N. J. Eq. 501; Tradesman's Pub. Co. v. Car Wheel Co., 95 Tenn. 654, 32 S. W. 1097, 31 L. R. A. 593, 49 Am. St. Rep. 943; Hannibal R. Co. v. Shacklett, 30 Mo. 558; Martin v. Zellerbach, 38 Cal. 300, 99 Am. Dec. 365; Security Co. v. Hartford, 61 Conn. 89, 23 Atl. 699. The term "surplus," as used in the nomenclature of bankers, does not include undivided profits, such as are now in controversy. Such profits may be surplus in the sense that they are a constituent of capital, but they are not surplus in the commonly accepted sense. It is quite usual, upon the or-

.ganization of financial corporations, for the stockholders to contribute, besides the share capital, a fund which is known as "surplus." It is also quite usual for the directors or managers of these institutions to set apart and to add to this fund from time to time some part of the accumulated profits of the business in excess of dividend requirements. The fund produced in either of these ways is what is known as "surplus." The term is not used to designate the accumulated profits of ordinary banking firms or individual bankers; and when the statute uses it, it does so with reference to the particular class of bankers to which alone it is applicable, and means the fund created by corporate or quasi public institutions as an addition to or re-enforcement of the share capital. Undivided profits do not become a part of this fund until they have been assigned to it by some formal act of the institution; and it is for the directors, and not for the taxing officers of the government, to determine when this should be done. It does not follow, however, because undivided profits are not "surplus" within the correct definition of that term or its statutory meaning, that they are not taxable under the present statute. If they have become capital by reason of the manner in which they have been appropriated and invested, the statute reaches them, just as it would reach surplus, without any other enumeration. In subjecting all classes of bankers to taxation upon their capital, the statute does not discriminate in favor of any class, and the term "capital" should be read as meaning the same thing in respect to a corporation that it does in respect to an individual banker. In other words, whatever comprises capital in the business of an individual banker, likewise comprises capital in the business of a banking corporation for the purposes of the statute. Beyond question, the profits left and used in the banker's business for a period of years, with the purpose of so leaving and using them indefinitely, become capital; the part derived from accumulated profits—that is, from profits not withdrawn or intended to be withdrawn for income—equally with the part originally invested, constitutes his capital. The undivided profits of a banking corporation are understood to be profits which remain after the payment of the current dividends. They do not necessarily become capital because they are not immediately distributed to the stockholders, as where they are carried over, after the dividend period, for temporary purposes, and not with a purpose of indefinite use in the business of the corporation. But the longer they are carried without any distribution, and used in common with the other funds of the corporation, the stronger the presumption becomes that they have been mingled with those funds permanently. Presumably, when a dividend is declared, the amount represents the profits made by the corporation during the past dividend period, after reserving a sufficient fund to cover all offsets or deductions likely to arise, subsequently, growing out of the transactions of that period. Unless this is so, the dividend has not been earned. The reserved fund is not profits, but is merely earnings. The dividend, therefore, represents actual profits. If they have been earned, the surplus or undivided profits are ordinarily used by the corporation as supplementary capital, unless they are distributed to the stockholders. When they are not distributed at the next dividend period, a fair presumption is cre-

ated that they are not retained for distribution, but are retained to feed the resources of the corporation. When it appears, as it does in the present case, that the undivided profits have been carried over many dividend periods and have been accumulated "during a period of years," and have in the meantime been used in the business like the other assets of the corporation, the inference is irresistible that they have become an accretion to the capital. When this appears they are taxable, just as the accumulated profits of an individual are taxable when they have been merged with his capital. This, we think, is the meaning of the statute.

The argument for the plaintiff in error, if carried to its logical conclusion, would enable a banking corporation to escape the tax at its volition, merely by refraining from making any distinct appropriation of the undivided profits. The tax reaches whatever has become substantially a part of the capital of the corporation, without regard to bookkeeping. Upon the facts set forth in the complaint, there is nothing to distinguish the undivided profits in controversy from the fund which many banking associations carry for years under that name, and which, though not technically surplus or theoretically capital, are actually a part of the capital of the bank. There is nothing in the circumstance that they were considered by the bank as a fund applicable to extra dividends, and to unexpected losses, and to depreciation of assets, to distinguish such accumulations from the technical surplus fund of the bank. Extra dividends are not infrequently declared by banking corporations out of that fund, and that fund is of course applicable to the payment of losses, and, so far as it serves to offset depreciation of assets, it replaces diminished capital.

The judgment is affirmed, with costs.