In re BUNTARO KUMAGAI.

(District Court, W. D. Washington, N. D. September 3, 1908.)

1. ALIENS—NATURALIZATION—POWER OF COURTS.
    To become a citizen of the United States by naturalization is not a right, but a privilege, which can be granted by the courts only under provision of laws enacted by Congress.

2. SAME—PERSONS ELIGIBLE—PERSONS OF JAPANESE RACE—"WHITE PERSONS."
    Rev. St. § 2166 (U. S. Comp. St. 1901, p. 1331), authorizing the naturalization of aliens honorably discharged from the military service of the United States, as limited by section 2169 of the same title, as amended in 1875 (Act Feb. 18, 1875, c. 80, 18 Stat. 318 [U. S. Comp. St. 1901, p. 1133]), by providing that "the provisions of this title shall apply to aliens being free, white persons and to aliens of African nativity, and to persons of African descent," does not extend the right of naturalization to a person of the Japanese race, although having an honorable discharge from the army of the United States.

    [Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7446–7447.

    Citizenship under state and federal laws, see note to City of Minneapolis v. Reum, 6 C. C. A. 37.]

Hearing on Application of a Japanese Person Holding a Certificate of Honorable Discharge from the Regular Army of the United States to Become a Naturalized Citizen of the United States.    Application denied.

Buntaro Kumagai, in pro. per.
A. J. Balliet, Asst. U. S. Atty.

HANFORD, District Judge.   This applicant for naturalization is an educated Japanese gentleman, and, in support of his petition to be admitted to citizenship, he presents a certificate showing that at the expiration of a term for which he enlisted as a soldier in the regular army of the United States he was honorably discharged.   There appears to be no objection to his admission to citizenship on personal grounds, and the court has given no consideration to any questions which might be raised of a formal character; the intention of the court being to rest its decision denying the application on the single ground that Congress has not extended to Japanese people not born within the United States the privilege of becoming adopted citizens of this country.

It is the inherent right of every independent nation to determine for itself and according to its own Constitution and laws what persons shall enjoy the rights and privileges of citizenship, and our Constitution declares that:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside."

This is a broad provision, and comprises children of all aliens subject to the jurisdiction of our government without distinction as to race or color; the only exceptions being children of alien parents not subject to the jurisdiction of the United States.   United States v. Wong Kim Ark, 169 U. S. 665, 18 Sup. Ct. 456, 42 L. Ed. 890.   By our Constitution the power to provide for the naturalization of aliens is vested in Congress, the courts have no power to admit aliens to citizenship, otherwise than in accordance with the laws which Congress has enacted, and aliens cannot demand admission to citizenship as a right.   They can only claim the privilege of becoming adopted citizens under the provision of laws enacted by Congress.   The general policy of our government in regard to the naturalization of aliens has been to limit the privilege of naturalization to white people, the only distinct departure from this general policy being soon after the close of the Civil War, when, in view of the peculiar situation of inhabitants of this country of African descent, the laws were amended so as to permit the naturalization of Africans and aliens of African descent.   In the year 1862 (Act July 17, 1862, c. 200, § 21, 12 Stat. 597) a law was enacted in recognition of services of aliens who enlisted in the military service of this country, authorizing naturalization of aliens who should be honorably discharged from military service and that law became incorporated in title 30 of the Revised Statutes of the United States as section 2166 (U. S. Comp. St. 1901, p. 1331).   As original-

ly enacted by Congress, section 2169 merely extended the privilege of naturalization to Africans and aliens of African descent, but by the act of 1875, to correct errors and supply omissions in the Revised Statutes, that section was amended to read as follows:

"The provisions of this title shall apply to aliens being free white persons, and to aliens of African nativity and to persons of African descent." Act Feb. 18, 1875, c. 80, 18 Stat. 318 (U. S. Comp. St. 1901, p. 1333).

As both sections are comprised in title 30, this amendment of section 2169 provides a rule of construction applicable to section 2166, and, being the latest expression of the will of Congress on the subject, it is controlling, and limits the privilege of naturalization to white persons and those of African nativity or descent. The use of the words "white persons" clearly indicates the intention of Congress to maintain a line of demarkation between races, and to extend the privilege of naturalization only to those of that race which is predominant in this country. In re Ah Yup, Fed. Cas. No. 104; In re Saito (C. C.) 62 Fed. 126; In re Yamishita, 30 Wash. 234, 70 Pac. 482, 94 Am. St. Rep. 860.

As this applicant is of a different race, the court is constrained to deny his application on the ground that the laws enacted by Congress do not extend to the people of his race the privilege of becoming naturalized citizens of this country.