CENTRAL TRUST CO. OF NEW YORK v. TREAT, Collector.

(Circuit Court, S. D. New York. June 10, 1909.)

INTERNAL REVENUE (§ 9*)—SPECIAL TAX ON BUSINESS—BANKS—"BANKER."
War Revenue Act June 13, 1898, c. 448, § 2, 30 Stat. 448 (U. S. Comp. St. 1901, p. 2286), provided that bankers using a capital not exceeding $25,000 should pay a tax of $50 and $2 additional for every $1,000 in excess of $25,000, and that, in estimating, the capital surplus should be included. The section also declares that every person, firm, etc., having a place where credits are opened by the deposit or collection of money or currency, subject to be paid or remitted on draft, check, or order, or where money is advanced or loaned on stocks, bonds, bullion, bills of exchange, or promissory notes, or where stocks, bonds, bullion, bills of exchange, or promissory notes are received for discount or sale, shall be a "banker" within the act. Held, that it was only the capital surplus used in the banking business that was subject to tax, and hence the undivided profits of a trust company, invested in bonds and stocks, were not subject to taxation, though the corporation was engaged in some of the activities of a bank, and the profits so invested were available to make good losses in the corporation's enterprises and to increase its credit.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 16; Dec. Dig. § 9.*

For other definitions, see Words and Phrases, vol. 1, pp. 695-697.]

This is an action to recover $22,156 paid by the plaintiff under protest as a tax claimed by the defendant, a collector of internal revenue, to be due under War Revenue Act June 13, 1898, c. 448, § 2, 30 Stat. 448 (U. S. Comp. St. 1901, p. 2286). The relevant parts of the section read as follows:

"Sec. 2. That from and after July first, eighteen hundred and ninety-eight, special taxes shall be, and hereby are, imposed annually as follows, that is to say:

"(1) Bankers using or employing a capital not exceeding the sum of twenty-five thousand dollars shall pay fifty dollars; when using or employing a capital exceeding twenty-five thousand dollars, for every additional thousand dollars in excess of twenty-five thousand dollars, two dollars, and in estimating capital surplus shall be included. The amount of such annual tax shall in

—————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

all cases be computed on the basis of capital and surplus for the preceding fiscal year. Every person, firm, or company, and every incorporated or other bank, having a place where credits are opened by the deposit or collection of money or currency, subject to be paid or remitted upon draft, check, or order, or where money is advanced or loaned on stocks, bonds, bullion, bills of exchange, or promissory notes, or where stocks, bonds, bullion, bills of exchange, or promissory notes are received for discount or sale, shall be a banker under this Act: Provided, that any savings bank having no capital stock, and whose business is confined to receiving deposits and loaning or investing the same for the benefit of its depositors, and which does no other business of banking, shall not be subject to this tax."

The only matter in dispute is whether the tax is payable on $11,078,-355.29, being accumulated and undivided profits resulting from the conducting of the business of complainant for many years.

Joline, Larkin & Rathbone, for plaintiff.

Henry L. Stimson, U. S. Atty., for defendant.

LACOMBE, Circuit Judge (after stating the facts as above). In view of former decisions in this circuit (Leather Manufacturers' Bank v. Treat. [C. C.] 116 Fed. 774; Id., 128 Fed. 262, 62 C. C. A. 644) there would be no difficulty in finding that these accumulated undivided profits are either "surplus" or "capital." In the case cited the plaintiff was a bank engaged solely in a banking business, and presumably all the property that it had was employed in such business. But in the case at bar the plaintiff is not a bank or banker, and, although it does some of the things enumerated in the section as indicative of such business, its principal business seems to be distinctively that of a trust company.

It will be observed that the "capital and surplus," which is subjected to the tax, is that which is used or employed by the banker; i. e., in the banking business. The evidence shows that the entire amount of these undivided profits before, during, and at the end of the fiscal year were invested in municipal and railway bonds and in the stocks of corporations, and were not in any sense employed in the business of banking, although the ownership of this large amount of securities available to make good losses in any of the enterprises which the corporation was conducting naturally increased its credit generally.

Counsel may prepare and submit findings in accordance with this decision, whereupon they will be signed, and judgment entered for the plaintiff.