## In re YOUNG.

(District Court, W. D. Washington, N. D.    April 24, 1912.)

### No. 1,089.

1. ALIENS (§ 61*)—NATURALIZATION—RIGHT TO.
    Under the naturalization law. which authorizes naturalization only of white persons or Africans, or persons of African descent, an alien's right to citizenship depends upon parentage and blood, and not upon nationality or status.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 119–122; Dec. Dig. § 61.*]

2. ALIENS (§ 61*)—NATURALIZATION—"WHITE PERSON."
    An alien born in Japan, at a place under German dominion, of a German father, but of a Japanese mother, is not entitled to naturalization as a "white person."
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 119–122; Dec. Dig. § 61.*
    For other definitions, see Words and Phrases, vol. 8, pp. 7446, 7447.]

Application of Albert Henry Young for naturalization. Application denied.

A. J. Balliet, E. S. McCord, and R. W. McClelland, for applicant.
John Speed Smith, Chief Naturalization Examiner, for the United States.

HANFORD, District Judge. [1] This applicant for naturalization has fully complied with all the requirements of the statutes, as an alien petitioner to be admitted as a citizen of the United States; but it is the opinion of the court that he is not eligible for the reason that he is not a white man. By the proof submitted it appears that he was born at a place in Yokohama, Japan, under the dominion of the empire of Germany, and that he is a subject of the emperor

of Germany. His father is a German, and his mother is a Japanese woman. The naturalization laws enacted by Congress authorize only those aliens to become naturalized citizens of the United States who are white persons or Africans, or of African descent; hence the right to become a naturalized citizen of the United States depends upon parentage and blood, and not upon nationality or status.

[2] The question whether a person half white may be regarded as a white person, within the definition of that term as used in the naturalization laws, was decided, adversely, by Judge Chatfield in the Case of Knight (D. C.) 171 Fed. 299. In principle that case is similar to the case now under consideration, and the question to be decided is identical, and, as I concur in the opinion of Judge Chatfield, I am constrained by the law to deny this application.