UNITED STATES v. MUELLER.

(Circuit Court of Appeals, Eighth Circuit. October 29, 1917.)

No. 4577.

ALIENS ⬤68—NATURALIZATION—TIME FOR FILING PETITION.

The provision of Naturalization Act June 29, 1906, c. 3592, § 4 (2), 34 Stat. 596 (Comp. St. 1916, § 4352 [2]), which requires an alien to file his application for admission to citizenship "not less than two years nor

more than seven years" after making his declaration of intention, is to be strictly observed by the courts, and the seven-year limitation is not enlarged by the fact that within that time the alien filed two petitions for admission in a court which was without jurisdiction because of his nonresidence within the district, and which were for that reason dismissed.

Smith, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Suit by the United States against Rudolf Mueller. From a decree dismissing the complaint, the United States appeals. Reversed.

Alfred Jaques, U. S. Atty., of Duluth, Minn.

A. L. Agatin, of Duluth, Minn. (Chester A. Congdon, of Duluth, Minn., on the brief), for appellee.

Before HOOK, SMITH, and CARLAND, Circuit Judges.

HOOK, Circuit Judge. This ·is a suit by the United States to cancel a certificate of citizenship issued to Mueller, upon the ground that it was illegally procured. The trial court dismissed the complaint as insufficient, and the government appealed. The suit was brought under section 15 of the Act of June 29, 1906 (34 Stat. 596 [Comp. St. 1916, § 4374]). The particular ground of illegality asserted by the government is that Mueller's petition for naturalization was filed more than seven years after his declaration of intention to become a citizen. The parts of the act of June 29, 1906, bearing on the case, are as follows:

Section 3 (Comp. St. 1916, § 4351) confers exclusive jurisdiction to naturalize aliens upon various courts, among which are courts of record in the states. It also provides:

"That the naturalization jurisdiction of all courts herein specified, state, territorial, and federal, shall extend only to aliens resident within the respective judicial districts of such courts."

Section 4 provides that "an alien may be admitted to become a citizen of the United States in the following manner and not otherwise," and the first of the succeeding paragraphs requires that he shall make a declaration of intention on oath before the clerk of the court or his authorized deputy "two years at least prior to his admission." The second paragraph provides that "not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing" for naturalization.

Section 27 (Comp. St. 1916, § 4382) prescribes the form of declaration of intention including this heading: "Invalid for All Purposes Seven Years after the Date hereof." Each alien receives a copy of his declaration.

The government's complaint which the trial court held insufficient discloses the following: On January 28, 1907, Mueller filed his declaration of intention in the office of the clerk of the district court of Ramsey county, Minn. In February, 1910, he filed in that court a

petition for admission to citizenship stating that he was then a resident of St. Paul, in Ramsey county. It was averred in the government's complaint that he did not then reside in that city or county. The petition was called for hearing in the Ramsey district court in June, 1910, and as he did not appear it was continued to a fixed day in the succeeding month. He again failed to appear, and the court denied his petition for that reason. In February, 1911, he filed in the same state court a second petition, with a like averment as to his residence in Ramsey county. It was heard in June, 1911, and denied, upon the ground that he was not in the court's jurisdiction. August 13, 1914, more than seven years after his declaration of intention he filed a third petition in the District Court of the United States for the District of Minnesota, averring that he was then a resident of St. Louis county, Minn. Upon this petition an order was rendered granting the certificate of citizenship now in question, over the objection of a representative of the naturalization service of the United States.

The case stated in the complaint is within the rule of United States v. Ginsberg, 243 U. S. 472, 37 Sup. Ct. 422, 61 L. Ed. 853 (April 9, 1917), as to the trial court's jurisdiction of plenary suits to cancel certificates upon grounds like those above narrated. In that case the Supreme Court also expressed the necessity of strict observance by alien applicants of the statutory requirements for naturalization. The provisions of the act of 1906 are clear and positive. "Courts are without authority to sanction changes or modifications; their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare." Though Mueller's first two petitions were within the prescribed seven-year period after his declaration of intention, the Ramsey county court in which they were filed was without jurisdiction. He was not a resident within its judicial district. Its favorable action upon the petitions would have been void. The filing under such circumstances did not enlarge the limitation of the act of Congress. Nor can those petitions be taken as fresh declarations of intention because for a like reason the court had no power to receive and entertain them for that purpose. Mueller's third petition was filed in a court in whose judicial district he resided, but it was more than seven years after his declaration of intention. We need not consider the reasons for this limitation. It is positive and unqualified, and courts are without power to dispense with it or enlarge it by construction.

Counsel invoke section 3 of the act of June 25, 1910 (36 Stat. 829, c. 401 [Comp. St. 1916, § 4352]), which authorizes relief from the results of misinformation under certain conditions. We do not consider whether Mueller could have brought himself within the provisions of that section. The right conferred by them is limited and exceptional, and the burden of an affirmative showing rested upon the alien applicant. It is enough to say that the complaint of the government was sufficient on its face to exclude them.

The order is reversed, and the cause remanded for further proceedings.

SMITH, Circuit Judge, dissents.