## In re GERONIMO PARA.

## In re ZASUECHI NARASAKI.

(District Court, S. D. New York. May 3, 1919.)

No. 452.

Aliens ☞65—Service in army or navy does not authorize naturalization of aliens not white persons or Africans; "any alien."

Act June 29, 1906, § 4, subd. 7, as amended by Act May 9, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352), relative to the naturalization of "any alien," Porto Rican, or Filipino, serving in the army, navy, etc., merely provides more expeditious and favorable terms of admission for such persons than before existed and does not extend the right of naturalization to aliens other than free white persons, aliens of African nativity, and persons of African descent, specified in Rev. St. § 2169 (Comp. St. § 4358), in view of section 2 of the act of 1918 (section 4352aa), providing that nothing therein shall repeal or enlarge section 2169, except as specified in subdivision 7 and under the limitations therein defined.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Any.]

Applications for admission to citizenship by Geronimo Para and by Zasuechi Narasaki. Petitions denied.

AUGUSTUS N. HAND, District Judge. The petitioner in the first proceeding is a South American Indian, and in the second proceeding a Japanese. Each petition is filed under the seventh subdivision of section 4 of the Act of June 29, 1906, as amended by the Act of Congress approved May 9, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352). The petitioners claim that, by reason of service in the naval forces of the United States during the present war, they are eligible for citizenship, notwithstanding that the first is of the American Indian race and the second of the Mongolian race. The government contends that naturalization is under any circumstances restricted to free white persons, persons of African descent, and native-born Filipinos and Porto Ricans. Heretofore persons eligible for naturalization have not included Indians, Malays, or Mongolians. In re Camille (C. C.) 6 Fed. 256; Fong Yue Ting v. United States, 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905; In re Alverto (D. C.) 198 Fed. 688; Bessho v. United States, 178 Fed. 245, 101 C. C. A. 605; In re Buntaro Kumagai (D. C.) 163 Fed. 922; In re Knight (D. C.) 171 Fed. 299.

Section 2169, United States Revised Statutes (U. S. Compiled Statutes, § 4358), provides that:

"The provisions of this title shall apply to aliens being free white persons, and to aliens of African nativity and to persons of African descent."

Section 14 of the Act of May 6, 1882 (U. S. Compiled Statutes, § 4359), provides that:

"Hereafter no state court or court of the United States shall admit Chinese to citizenship; and all laws in conflict with this act are hereby repealed."

Section 4 of the Act of June 29, 1906 (being section 4352 of the. U. S. Compiled Statutes), provides:

"An alien may be admitted to become a citizen of the United States in the following manner and not otherwise."

United States Revised Statutes, § 2166 (U. S. Compiled Statutes, § 4355), provides:

"Any alien, of the age of twenty-one years and upward, who has enlisted, or may enlist, in the armies of the United States, either the regular or the volunteer forces, and has been, or may be hereafter, honorably discharged, shall be admitted to become a citizen of the United States, upon his petition, without any previous declaration of his intention to become such. * * * *"

The last section was construed by the Circuit Court of Appeals for the Fourth Circuit, in Bessho v. United States, 178 Fed. 245, 101 C. C. A. 605, as limited by the provisions of section 2169 of the United States Revised Statutes, which admits to the privilege of naturalization only free white persons and persons of African nativity or descent; that is to say, the words "any alien," in section 2166 of the Revised Statutes, supra, were held to mean any alien of the restricted class, and not to include a subject of the Mikado of Japan, who in that case was applying to be naturalized. See, to the same effect, In re Buntaro Kumagai, supra; In re Knight, supra.

Subdivision 7, section 4, of the act of June 29, 1906, as amended by Act of May 9, 1918, provides that:

"Any native-born Filipino of the age of twenty-one years and upward who has declared his intention to become a citizen of the United States and who has enlisted or may hereafter enlist in the United States Navy or Marine Corps or the Naval Auxiliary Service, and who, after service of not less than three years, may be honorably discharged therefrom, or who may receive an ordinary discharge with recommendation for reenlistment; or any alien, or any Porto Rican not a citizen of the United States, of the age of twenty-one years and upward, who has enlisted or entered or may hereafter enlist in or enter the armies of the United States, either the regular or the volunteer forces, or the National Army, the National Guard or Naval Militia of any state, territory, or the District of Columbia, or the state militia in federal service, or in the United States Navy or Marine Corps, or in the United States Coast Guard, or who has served for three years on board of any vessel of the United States government, or for three years on board of merchant or fishing vessels of the United States of more than twenty tons burden, and while still in the service on a re-enlistment or reappointment, or within six months after an honorable discharge or separation therefrom, or while on furlough to the Army Reserve or Regular Army Reserve after honorable service, may, on presentation of the required declaration of intention petition for naturalization without proof of the required five years' residence within the United States if upon examination by the representative of the Bureau of Naturalization, in accordance with the requirements of this subdivision it is shown that such residence cannot be established; any alien serving in the military or naval service of the United States during the time this country is engaged in the present war may file his petition for naturalization without making the preliminary declaration of intention and without proof of the required five years' residence within the United States; any alien declarant who has served in the United States Army or Navy, or the Philippine Constabulary, and has been honorably discharged therefrom, and has been accepted for service in either the military or naval service of the United States on the condition that he becomes a citizen of the United States, may file his petition for naturalization upon

proof of continuous residence within the United States for the three years immediately preceding his petition, by two witnesses, citizens of the United States, and in these cases only residence in the Philippine Islands and the Panama Canal Zone by aliens may be considered residence within the United States, and the place of such military service shall be construed as the place of residence required to be established for purposes of naturalization; and any alien, or any person owing permanent allegiance to the United States embraced within this subdivision, may file his petition for naturalization in the most convenient court without proof of residence within its jurisdiction, notwithstanding the limitation upon the jurisdiction of the courts specified in section three of the act of June twenty-ninth, nineteen hundred and six, provided he appears with his two witnesses before the appropriate representative of the Bureau of Naturalization and passes the preliminary examination hereby required before filing his petition for naturalization in the office of the clerk of the court, and in each case the record of this examination shall be offered in evidence by the representative of the government from the bureau of Naturalization and made a part of the record at the original and any subsequent hearings; and, except as otherwise herein provided, the honorable discharge certificate of such alien, or person owing permanent allegiance to the United States, or the certificate of service showing good conduct, signed by a duly authorized officer, or by the masters of said vessels, shall be deemed prima facie evidence to satisfy all of the requirements of residence within the United States and within the state, territory, or the District of Columbia, and good moral character required by law, when supported by the affidavits of two witnesses, citizens of the United States, identifying the applicant as the person named in the certificate of honorable discharge, and in those cases only where the alien is actually in the military or naval service of the United States, the certificate of arrival shall not be filed with the petition for naturalization in the manner prescribed; and any petition for naturalization filed under the provisions of this subdivision may be heard immediately, notwithstanding the law prohibits the hearing of a petition for naturalization during thirty days preceding any election in the jurisdiction of the court. Any alien, who, at the time of the passage of this act, is in the military service of the United States, who may not be within the jurisdiction of any court authorized to naturalize aliens, may file his petition for naturalization without appearing in person in the office of the clerk of the court and shall not be required to take the prescribed oath of allegiance in open court. The petition shall be verified by the affidavits of at least two credible witnesses who are citizens of the United States, and who shall prove in their affidavits the portion of the residence that they have personally known the applicant to have resided within the United States. The time of military service may be established by the affidavits of at least two other citizens of the United States, which, together with the oath of allegiance, may be taken in accordance with the terms of section seventeen hundred and fifty of the Revised Statutes of the United States after notice from and under regulations of the Bureau of Naturalization. Such affidavits and oath of allegiance shall be admitted in evidence in any original or appellate naturalization proceeding without proof of the genuineness of the seal or signature or of the official character of the officer before whom the affidavits and oath of allegiance were taken, and shall be filed by the representative of the Government from the Bureau of Naturalization at the hearing as provided by section eleven of the act of June twenty-ninth, nineteen hundred and six. Members of the Naturalization Bureau and Service may be designated by the Secretary of Labor to administer oaths relating to the administration of the naturalization law; and the requirement of section ten of notice to take depositions to the United States attorneys is repealed, and the duty they perform under section fifteen of the act of June twenty-ninth, nineteen hundred and six (Thirty-fourth Statutes at Large, part one, page five hundred and ninety-six), may also be performed by the Commissioner or Deputy Commissioner of Naturalization: Provided, that it shall not be lawful to make a declaration of intention before the clerk of any court on election day or during the period of thirty days preceding the day of holding any election in the jurisdiction of

the court: Provided further, that service by aliens upon vessels other than of American registry, whether continuous or broken, shall not be considered as residence for naturalization purposes within the jurisdiction of the United States, and such aliens cannot secure residence for naturalization purposes during service upon vessels of foreign registry.

"During the time when the United States is at war no clerk of a United States court shall charge or collect a naturalization fee from an alien in the military service of the United States for filing his petition or issuing the certificate of naturalization upon admission to citizenship, and no clerk of any state court shall charge or collect any fee for this service unless the laws of the state require such charge to be made, in which case nothing more than the portion of the fee required to be paid to the state shall be charged or collected. A full accounting for all of these transactions shall be made to the Bureau of Naturalization in the manner provided by section thirteen of the act of June twenty-ninth, nineteen hundred and six."

Section 2 of the act of May 9, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352aa), provides that:

"All acts or parts of acts inconsistent with or repugnant to the provisions of this act are hereby repealed; but nothing in this act shall repeal or in any way enlarge section twenty-one hundred and sixty-nine of the Revised Statutes, except as specified in the seventh sub-division of this act and under the limitation therein defined. * * * That as to all aliens who, prior to January first, nineteen hundred, served in the Armies of the United States and were honorably discharged therefrom, section twenty-one hundred and sixty-six of the Revised Statutes of the United States shall be and remain in full force and effect, anything in this act to the contrary notwithstanding."

The question is whether the words "any alien," appearing in the amended act of May 9, 1918, are broader than the words "any alien" used in section 2166 of the Revised Statutes which I have above quoted. This last statute was passed upon by the Circuit Court of Appeals of the Fourth Circuit and by Judge Chatfield and Judge Hanford in the decisions I have cited, and the words "any alien" were held to be limited, by section 2169 of the Revised Statutes, to white persons and aliens of African nativity and to persons of African descent. It might well be held under the reasoning of these cases that section 2169 still limited the provisions of the Act of May 9, 1918, except so far as that act by expressly covering native-born Filipinos and Porto Ricans enlarged the former provisions pro tanto, even if section 2169 had not been referred to; but it seems clear that the words of section 2 of the Act of May 9, 1918, expressly providing that "nothing in this act shall repeal or in any way enlarge section twenty-one hundred and sixty-nine of the Revised Statutes, except as specified in the seventh subdivision of this act and under the limitation therein defined," were intended to preserve the definition of the classes of persons who could become citizens of the United States except certain Porto Ricans and Filipinos.

The Naturalization Act of June 29, 1906, repealed sections 2165, 2167, 2168, and 2173 of the Revised Statutes, while it retained section 2169, defining the classes of aliens which may be naturalized. This section is expressly preserved and practically re-enacted by section 2 of the act of 1918. If the words "any alien" are to be taken literally, not only would a meaning be given wholly contrary to existing judicial interpretation, but all the definitions of section 2169 would be ren-

dered meaningless, and even Chinese who had served in the army could be naturalized, in spite of the express language to the contrary. However worthy may have been the military services of the petitioners, I can find no warrant in the statutes for their naturalization. The words "any alien," appearing in the Act of May 9, 1918, are subject to prior judicial interpretation, and in my opinion embrace only such aliens as could theretofore have been admitted to citizenship, and merely provide more expeditious and favorable terms of admission than before existed.

For the foregoing reasons, the petitions are denied.