### In re ALDANI.

(District Court, E. D. Missouri, E. D.   December 17, 1920.)

No. 8595.

**Aliens ⬱68—Obtaining passport as subject of native country nullifies prior declaration of intention.**

Where an alien, after having declared his intention to become a citizen of the United States, applied for and obtained a passport from the consular representative of his native country as a subject of such country, to return thereto, his action nullified his declaration, and a petition for naturalization cannot thereafter be based thereon.

On petition of Francesco Aldani for naturalization.   Denied.

M. R. Bevington, Chief Naturalization Examiner, of St. Louis, Mo.

DYER, District Judge.   The petitioner in this cause filed his application for citizenship February 11, 1920.   This was based upon declaration of intention executed by him August 22, 1917.

Some three months after filing the petition for naturalization in question, the candidate, on his own testimony, returned to Italy, the country of his nativity.   He was unable to procure a passport from the American authorities.   He accordingly presented himself before the diplomatic officer of his native land, stationed here in St. Louis, and procured a passport as an Italian subject.   Therein he renewed his oath of allegiance to the monarch governing that country.

Such action is inconsistent with the avowal contained in the declaration of intention of the candidate.   His petition for naturalization will accordingly have to be denied for the reason that the declaration of intention has been nullified.   A petition for naturalization not predicated on a valid declaration of intention, is void.   United States v. Mueller, 246 Fed. 679, 158 C. C. A. 635; and United States v. Vogel (C. C. A.) 262 Fed. 262.

Petition denied.

---

⬱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes