### Ex parte EBERHARDT.

(District Court, E. D. Missouri, E. D.   January 7, 1921.)

1. **Time** ⬅9(1)—**Declaration of intention still valid on seventh anniversary, but not afterwards.**

Under the law placing a limitation of seven years upon the life of a declaration of intention, as the law excludes parts of days, the declaration is valid and will support a petition for naturalization on its seventh anniversary, but may not be extended beyond such anniversary.

2. **Aliens** ⬅68—**Naturalization petition, to which certificate of arrival not attached, is a nullity.**

Under Act June 29, 1906, c. 3592, § 1 (Comp. St. § 963), as amended by Act March 4, 1913, § 3 (Comp. St. §§ 961, 962), requiring the Bureau of Immigration to keep a register of the arrival of aliens and issue a certificate thereof to the alien, and section 4, subd. 2, par. 4, of the act of 1906 (section 4352), requiring the certificate of arrival to be filed at the time of filing a petition for naturalization, a petition to which such certificate is not attached is a nullity, though the certificate is being forwarded from Washington and a telegram stating that fact is attached, and cannot be validated or amended by subsequently attaching the certificate.

3. **Statutes** ⬅219—**Construction by executive officers executing statute entitled to great consideration.**

While the construction of a statute is a judicial function, yet the construction placed on a statute by the officers whose duty it is to execute it is entitled to great consideration, especially if such construction has been made by the highest officers in the executive department of the government.

4. **Aliens** ⬅60—**Congress may prescribe terms and conditions of naturalization.**

Naturalization is a privilege, and not a right, and Congress has authority under the Constitution to prescribe the terms and conditions upon which such privilege shall be granted.

5. **Aliens** ⬅68—**Terms and conditions of naturalization must be strictly construed and conformed to.**

The terms and conditions specified and prescribed by Congress respecting the naturalization of aliens must be strictly construed and enforced, and aliens are bound to strictly meet and conform to such terms and conditions.

Application by Joseph Eberhardt for citizenship. Petition denied.

M. R. Bevington, of St. Louis, Mo., Chief Naturalization Examiner.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

DYER, District Judge. [1] The petitioner, Joseph Eberhardt, filed his application for citizenship August 25, 1920. He based this upon a declaration of intention executed August 25, 1913. Existing law places a limitation of seven years upon the life of a declaration of intention. The law excludes parts of days. A declaration is therefore valid, so far as its age is concerned, for the purpose of petitioning for naturalization, on its seventh anniversary. In re Babjak (D. C.) 211 Fed. 551. But there is no expedient that may be resorted to whereby the life of a given declaration of intention may be extended beyond said seventh anniversary. United States v. Mueller, 246 Fed. 679, 158 C. C. A. 635.

[2] The petition for citizenship of this candidate recites that he landed in the United States at the port of New York, N. Y., on the steamship Germania, on January 1, 1911. He was therefore required by law to support his application by what is commonly known as a "certificate of arrival." Eberhardt, at the time of the filing of his application, that is, on August 25, 1920, did not possess such a certificate of arrival. He could not delay filing his petition, as the life of his declaration of intention had run. In lieu of the needed certificate of arrival, he made a part of his petition a telegram from Washington to the effect that the document in question was being sent forward by mail forthwith. His application is therefore submitted to the court on the question of law involved.

The Act of March 4, 1913, c. 141, § 3, 37 Stat. 737, U. S. Comp. Stat. §§ 961, 962, amending Act of June 29, 1906, c. 3592, § 1, 34 Stat. 596, U. S. Comp. St. § 963, provides:

* * * That it shall be the duty of the said Bureau [of Immigration] to provide, for use at the various immigration stations throughout the United States, books of record, wherein the commissioners of immigration shall cause a registry to be made in the case of each alien arriving in the United States from and after the passage of this act of the name, age, occupation, personal description (including height, complexion, color of hair and eyes), the place of birth, the last residence, the intended place of residence in the United States, and the date of arrival of said alien, and, if entered through a port, the name of the vessel in which he comes. And it shall be the duty of said commissioners of immigration to cause to be granted to such alien a certificate of such registry, with the particulars thereof.

Paragraph 4 of the second subdivision of section 4 of the aforesaid act of June 29, 1906 (Comp. St. § 4352), which is in effect at the present time, contains this provision:

At the time of filing his petition there shall be filed with the clerk of the court a certificate from the Department of Labor, if the petitioner arrives in the United States after the passage of this act [that is, on and after June 29, 1906], stating the date, place, and manner of his arrival in the United States, * * * which certificate * * * shall be attached to and made a part of said petition.

The requirements of law surrounding certificate of arrival matters were for a time very broadly construed. In re Schmidt (D. C.) 207 Fed. 678; In re McPhee (D. C.) 209 Fed. 143; In re Pick (D. C.) 209 Fed. 999; In re Titone (D. C.) 233 Fed. 175. But these cases have been deprived of any authority by the pronouncement of the Supreme

Court of the United States in United States v. Ness, 245 U. S. 322, 324, 38 Sup. Ct. 118, 119 (62 L. Ed. 321), in which Mr. Justice Brandeis, speaking for the court, laid down this rule:

It is urged that the certificate of arrival is merely a form of proof which the naturalization court has power to dispense with for cause. The uses served by the certificate, the history of the provision, and its relation to other parts of the act show that this contention is unsound.

Section 1 requires that a registry be made of certain facts concerning each alien arriving in the United States; and that "a certificate of such registry with the particulars thereof" be granted to each alien. Section 5 requires clerks of court to give public notice of each petition for naturalization filed. Section 6 prohibits courts from taking final action upon any petition until 90 days after such notice has been given. That period is provided so that the examiners of the Bureau of Naturalization and others may have opportunity for adequately investigating whether reasons exist for denial of the petition. The certificate of arrival is the natural starting point for this investigation. It aids in ascertaining (a) whether the petitioner was within any of the classes of aliens who are excluded from admission by sections 2 and 38 of the Immigration Act of February 20, 1907 (34 Stat. 898) ; (b) whether he is among those who are excluded from naturalization under section 7 of the Naturalization Act for political beliefs or practices; (c) whether he is the same person whose declaration of intention to become a citizen is also attached to the petition under section 4, subdivision second; (d) whether the minimum period of five years' continuous residence prescribed by section 4, subdivision fourth, has been complied with. The certificate of arrival is in practice deemed so important that in the regulations issued by the Secretary of Labor under section 28 "for properly carrying into execution the various provisions" of the act, the clerk of court is advised that he "should not commence the execution of the petition until he has received the certificate of arrival."

Filing the certificate of arrival being a matter of substance, it is clear that no power is vested in the naturalization court to dispense with it. Section 4 declares "that an alien may be admitted to become a citizen of the United States in the following manner and not otherwise." Section 27 declares "that substantially the following forms shall be used in the proceedings to which they relate"; and the form of petition therein prescribed recites: "Attached hereto and made a part of this petition" is "the certificate from the Department of Labor required by law." Experience and investigation had taught that the widespread frauds in naturalization, which led to the passage of the act of June 29, 1906, were, in large measure, due to the great diversities in local practice, the carelessness of those charged with duties in this connection, and the prevalence of perjured testimony in cases of this character. A "uniform rule of naturalization," embodied in a simple and comprehensive code under federal supervision, was believed to be the only effective remedy for then existing abuses. And, in view of the large number of courts to which naturalization of aliens was intrusted and the multitude of applicants, uniformity and strict enforcement of the law could not be attained unless the code prescribed also the exact character of proof to be addued. The value of contemporary documentary evidence was recognized, and the certificate of arrival was therefore specifically included among the prerequisites to naturalization. Naturalization granted without the certificate having been filed is therefore "illegally procured." United States v. Ginsberg, 243 U. S. 472.

It is particularly to be noted that "at the time of filing his petition there shall be filed with the clerk of court," by the petitioner, the certificate of arrival called for by the statute. The same provision of law requires the candidate to make a part of his application, in the same manner, his declaration of intention. Where a valid declaration of intention is not attached to such a petition at the time of its filing, that

fact renders the application void. United States v. Morena, 245 U. S. 392, 38 Sup. Ct. 151, 62 L. Ed. 359. And the same rule prevails, as we have seen in the Ness Case, supra, where at the time of the execution of the petition, the same was not supported by a valid certificate of arrival. The fact that such a certificate was in existence, on the date petition was executed, and that the same was being mailed to St. Louis from Washington, does not in any manner alter the situation. The statute is specific in its requirement that at the time of the execution of the petition the certificate of arrival needed must be in the hands of the clerk of the court, who is required to make the same an integral part thereof. A later attaching of such a certificate of arrival to a given petition does not meet the requirements of the law. Such petition is a nullity. It is not voidable, but is void. In the language of the United States v. Martorana, 171 Fed. 398, 96 C. C. A. 354, such a petition cannot be validated by any subsequent process, "as in point of law there is nothing to amend by, and nothing to amend." In other words, no petition has in contemplation of law actually been executed. The court, in such a case, is without jurisdiction, as there is nothing legally before it that it can entertain.

[3] It is worthy of notice, also, that the administrative officer concerned with naturalization matters, to wit, the Secretary of Labor, has in naturalization regulations promulgated September 24, 1920, rule 5, declared that when a clerk of court executes a petition for an alien who arrived after June 29, 1906, and fails to attach thereto his certificate of arrival, then no valid petition is docketed. While the construction of a statute is a judicial function, the ultimate exercise of which must lodge in the courts, yet "the construction placed upon a statute by the officers whose duty it is to execute it is entitled to great consideration, especially if such construction has been made by the highest officers in the executive department of the government." 36 Cyc. (III), 1140, 1141; In re Brefo (D. C.) 217 Fed. 133. There can be no question as to the soundness of the administrative view in this case, in view of the unequivocal language of the Supreme Court, in the Ness Case, supra.

[4, 5] Aliens have no right, inherent or statutory, to be admitted to membership in the body politic of the United States of America. Naturalization, then, being solely and entirely a political privilege extended by sovereign grace to aliens resident within the United States, Congress has undoubted authority under the Constitution to prescribe the terms and conditions upon which such privilege shall be granted. In re Spitzer (D. C.) 160 Fed. 138; In re Buntaro (D. C.) 163 Fed. 922; In re Knight (D. C.) 171 Fed. 301; United States v. Spohrer (C. C.) 175 Fed. 442; Johannessen v. United States, 225 U. S. 240, 32 Sup. Ct. 613, 56 L. Ed. 1066; United States v. Ginsberg, 243 U. S. 472, 37 Sup. Ct. 422, 61 L. Ed. 853; United States v. Gulliksen, 244 Fed. 727, 157 C. C. A. 175. The terms and conditions specified and prescribed by Congress respecting the grant to aliens of the favor or privilege of naturalization as citizens of the United States of America must be strictly construed and enforced, and aliens are bound to strictly meet and conform to these terms and conditions upon which alone the

right they seek can be conferred. Spitzer, Knight, Spohrer, Johannessen, Ginsberg, and Gulliksen Cases, supra; United States v. Nisbet (D. C.) 168 Fed. 1006; United States v. Martorana, 171 Fed. 398, 96 C. C. A. 353; United States v. Cohen, 179 Fed. 835, 103 C. C. A. 28, 29 L. R. A. (N. S.) 829; United States v. Peterson, 182 Fed. 291, 104 C. C. A. 571; United States v. Rodgers, 185 Fed. 334, 107 C. C. A. 452; United States v. Kolodner, 204 Fed. 244, 124 C. C. A. 1; In re Hollo (D. C.) 206 Fed. 854; United States v. Mueller, 246 Fed. 679, 158 C. C. A. 635; and United States v. Vogel (C. C. A.) 262 Fed. 262.

It is made the duty by law of the Commissioner of Immigration at the port of entry to make such record of the arrival of each and every alien as will later permit such official to prepare from the official records of his office a certificate of arrival for use in naturalization purposes. Nothing short of a certificate prepared by such official, in the manner prescribed, will meet the requirements of the statute. A petition for naturalization, that was not at the time of its execution supported by a certificate of arrival fully meeting the terms of the act, is a mere nullity, and must be denied. Such disposition must therefore be made of this application, as a telegram such as was used by the petitioner at the time of the filing of his application cannot be substituted for the lawfully prescribed certificate of arrival.