## UNITED STATES v. HIDEMITSU TOYOTA.

(District Court, D. Massachusetts. May 28, 1923.)

No. 58600.

**Aliens ⬤➾65—Persons of Japanese race not eligible to citizenship.**

Act July 19, 1919 (Comp. St. Supp. 1923, § 4352aaa), authorizing naturalization of "any person of foreign birth who served in the military or naval forces of the United States during the present war," does not apply to persons of the Japanese race.

Petition by the United States for cancellation of certificate of citizenship issued to Hidemitsu Toyota. Petition granted.

Laurence Curtis, 2d, of Boston, Mass., for the United States.
Laurence M. Lombard, of Winchester, Mass., for Toyota.

LOWELL, District Judge. This is a petition brought under section 15 of the Act of June 29, 1906 (U. S. Comp. St. § 4374), to cancel a certificate of naturalization issued to Hidemitsu Toyota on May 16, 1921. The case was very ably presented by counsel, with a full citation of authorities.

It is contended that Toyota, while in every way qualified on other grounds to be admitted to naturalization, was not eligible as he is a Japanese. He was admitted under the provisions of the Act of July 19, 1919 (U. S. Comp. St. Supp. 1923, § 4352aaa). This statute reads as follows:

"Any person of foreign birth who served in the military or naval forces of the United States during the present war, * * * [who] shall have been honorably discharged * * * shall have the benefits of the seventh

subdivision of section 4 of the Act of June 29, 1906, * * * as amended; * * * and this provision shall continue for the period of one year after all of the American troops are returned to the United States."

Toyota comes within the provisions of this statute and was properly admitted, if it applies to a man of the Japanese race.

It has been the settled policy of the United States since the beginning not to allow the naturalization of any person unless he was a free white person. An exception to this was made in 1870, when persons of African nativity or African descent were added to the list of eligibles. There is no question that a Japanese, who has not served in the army or navy of the United States, cannot be admitted to naturalization. In re Saito (C. C.) 62 Fed. 126; In re Yamashita, 30 Wash. 234, 70 Pac. 482, 59 L. R. A. 671; Ozawa v. United States, 260 U. S. 178, 43 Sup. Ct. 65, 67 L. Ed. ——.

It is contended, however, that a different rule applies to persons who have been in the United States military or naval service. This has been denied in two well-considered recent opinions. In re Geronimo Para (D. C.) 269 Fed. 643; Petition of Easurk Emsen Charr (D. C.) 273 Fed. 207. See, also, In re Kumagai (D. C.) 163 Fed. 922; In re Knight (D. C.) 171 Fed. 299; Bessho v. United States, 178 Fed. 245, 101 C. C. A. 605. An unreported decision of Judge Vaughan, of the District Court of Hawaii, a copy of which was given me, was to the contrary effect.

I am of the opinion that the two recent cases above cited lay down the proper rule of law. It would serve no useful purpose to repeat the reasons given therein.

The petition is granted, and an order vacating the order of naturalization may be issued.