HON. J. G. TALIAFERRO,
HON. R. K. HOWELL,
HON. W. G. WYLY,  } *Associate Justices.*
HON. J. H. KENNARD,*
HON. P. H. MORGAN.

A. P. FIELD *Attorney General.*

━━━•●•━━━

### No. 2527.

CINCINNATI INSURANCE COMPANY *v.* WILLIAM C. HARRISON et als.

25   2
113   410

The provisions of the Code of Practice relating to oyer do not apply to a document filed in a cause in court.

The loss of an appeal bond being established, secondary evidence, either written or oral, may be introduced to prove the alleged signature of the defendant to the bond as surety.

APPEAL from the Sixth District Court, Parish of Orleans. *Cooley, J. L. Madison Day* and *Bentinck Egan,* for defendant and appellant. *Hornor & Benedict,* for plaintiff and appellee.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly.

TALIAFERRO, J. The plaintiffs having obtained judgment against the defendant, Harrison, for $590 60 with interest, the latter appealed. About eighteen months afterwards, and after an execution had issued on the judgment and been returned not satisfied, the plaintiff sued J. S. Symonds as surety on the appeal bond. This defendant excepted to the proceeding and prayed oyer of the bond sued upon. His excep-

─────────────

*HON. P. H. MORGAN succeeded MR. JUSTICE KENNARD on the first of February.

tion was overruled, and he answered by general denial. Judgment was rendered against Symonds, as surety on the appeal bond, for the same sum that judgment had been given against the defendant Harrison.

The surety has appealed.

Two bills of exception are presented in the record. The first is as to the refusal of the judge to grant his prayer for oyer of the bond, which it appears was missing and could not be found at the time of trial. The reason assigned by the judge for this refusal is that the provisions of the Code of Practice relating to oyer do not apply to a document which had been filed in a cause in court. We think the ruling correct, and for the reasons assigned by the judge *a quo*. The second bill of exceptions is to the admission in evidence in the court below of the record in this case from the Supreme Court, to show the liability of Symonds as surety on the appeal bond, the original bond being lost. The objection was, that the proceeding by rule taken by plaintiff to render Symonds, defendant, liable as surety was not a suit on a lost instrument; the record was not competent evidence *to prove* that Symonds signed the appeal bond as surety. We think the ruling correct. The loss of the bond being established, secondary evidence, either written or oral, might be resorted to to establish the alleged signature of the defendant to the bond as surety. We think the whole evidence together, a part of which consists of the testimony of the defendant's attorney, abundantly establishes the signature of Symonds to the appeal bond as surety, and we are satisfied that the judgment of the lower court is correct.

Judgment affirmed.