In re ROSS.

(District Court, E. D. Pennsylvania.   May 20, 1915.)

No. 12749.

ALIENS ⬥⇒68—NATURALIZATION—ADMISSION WITHOUT PROOF OF DECLARATION
OF INTENTION—CONSTRUCTION OF STATUTE. .

Naturalization Act June 29, 1906, c. 3592, § 4 (2), 34 Stat. 597, as amended by Act June 25, 1910, c. 401, § 3, 36 Stat. 830 (Comp. St. 1913, § 4352), provides that a person belonging to the class of persons who, under existing laws, may become citizens, who has resided constantly in the United States during a period of five years next preceding May 1, 1910, and has in good faith exercised the right of citizenship under the mistaken belief that he had the right to so act, may upon making a showing of such facts satisfactory to the court, "and [if] the court in its judgment believes that such person has been for a period of more than five years entitled upon proper proceedings to be naturalized," receive from said court a final certificate of naturalization, without proof of a former declaration of intention. *Held*, that the five years referred to in the latter part of the proviso is five years before the hearing, and that the court is not required to find that the applicant might have been admitted five years before May 1, 1910.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ⬥⇒68.]

On petition of Simon Peter Ross for admission to citizenship.   Petition granted, and certificate issued.

Jerome C. Shear, of Philadelphia, Pa., Chief Naturalization Examiner, for the United States.

Simon Peter Ross, of Philadelphia, Pa., pro se.

DICKINSON, District Judge.   The petition failed to show the applicant to have made the declaration of his intention to become a citizen required by law.   The absence of such declaration is the only ground of opposition to his admission.

His petition is based upon the proposition that the act of June 25, 1910, exempts him from the requirement of a preliminary declaration. It is conceded that if he is within its provisions he should be admitted to citizenship.   The only reason alleged for rejecting the application is based upon the construction given to the act that it applies only to those who might have been admitted to citizenship before May 1, 1905.   This applicant could not have been admitted before September 1, 1908.

We are referred to In re Urdang (D. C.) 212 Fed. 557, in support of this construction of the act.   It does in principle support the objection. It is furthermore desirable that the naturalization acts should be given the same meaning throughout the United States.   Until, however, a court is controlled by an authoritatively binding ruling, it cannot deprive a petitioner of that which the court finds to be his right. In the first instance, citizenship is not a right, but a high privilege only.   When, however, the privilege is conferred by law, an applicant acquires a right to whatever privileges the law confers.   His charter is still the law as made, and the "ita lex scripta" principle applies.

It is always, nevertheless, helpful to come to an understanding of the purpose and spirit of the law in order to interpret its letter.

The naturalization law required a preliminary declaration of intention by the applicant. The purpose of this is manifest. "The exercise of the rights and duties of citizenship" by one who thinks himself in good faith a citizen meets in spirit the purpose of this provision. No one could say, however, that it could be accepted without statutory authority as a substitute for the requirement of the law. It is, moreover, within the knowledge of all who have had any personal touch with the machinery of elections, that the more rigorous and exacting application of the rules of evidence to proof of the right to the elective franchise, which registration and other like laws have made necessary, has resulted in a denial of the right of citizenship to many who had long exercised that right and to whom it doubtless belonged, although the evidence of the fact had been lost or never held by them. The act of June 25, 1910, was intended to relieve some of this class. Only applicants who possess the following qualifications are entitled to the benefit of the act:

1. They must be of the class of persons who under existing laws may become citizens.

2. They must have resided in the United States continuously from May 1, 1905, to May 1, 1910, being five years next preceding May 1, 1910.

3. They must in good faith have exercised the right of citizenship under the mistaken belief that they had the right to so act.

4. They must make "a showing of these facts satisfactory to the court," etc., "and (if) the court in its judgment believes that (any) such person has been for a period of more than five years entitled upon proper proceedings to be naturalized," etc., they shall receive certificates, etc., and may receive them without proof of the filing of a declaration of intention, etc.

This would seem to mean that the other things done may be accepted in lieu of a declaration of intention. It is admitted that this applicant meets every one of these conditions enumerated as 1, 2, 3, and 4. Why, then, may a certificate not issue to him?

The answer we are asked to accept as sufficient is because the law requires the judge to find that the applicant might have been admitted on May 1, 1905. In other words, the five years referred to in the latter part of the act is not five years before the hearing, but five years before May 1, 1910. We cannot accept this interpretation. If correct, the qualification we have called (2) must be ordinarily a residence of "*ten* years next preceding May 1, 1910," instead of *five* years, as the act prescribes. We cannot see that the word "and" at the beginning of this clause of the act can have the effect of changing "five" to "ten" in the earlier clause. The present applicant might have been naturalized on September 1, 1908. In consequence, he "has been for a period of more than five years entitled upon proper proceedings to be naturalized." He has complied in all respects (other than a declaration of intention) with the requirements of the naturalization laws, and it seems to us that admission to citizenship under the provisions of the act of June 25, 1910, is his right.

He may therefore be admitted upon taking the required oaths.