UNITED STATES v. BRAGG.

(District Court, E. D. Pennsylvania. May 28, 1919.)

No. 5336.

ALIENS ⟨key⟩62—NATURALIZATION—INTERRUPTION OF RESIDENCE.

    A British subject, who emigrated to the United States in 1879, and in 1908 took up his residence in Pennsylvania, where he lived until July, 1911, when he went abroad to England on business, intending to return, but was delayed, and did not return until October 22, 1916, from which date he was physically resident in Pennsylvania until hearing, on June 15, 1917, of petition by the United States to cancel his certificate of citizenship, had not complied with General Naturalization Act June 29, 1906, § 4, par. 4 (Comp. St. § 4352), requiring continuous residence within the country at least five years and within the state at least one year immediately preceding date of application.

Petition by the United States for cancellation of the certificate of citizenship issued to George James Bragg. Certificate ordered canceled without prejudice.

Francis Fisher Kane, U. S. Atty., of Philadelphia, Pa.
Robert S. Shaw, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The respondent on March 9, 1917, made and filed his petition for naturalization under the provisions of section 3 of the Act of June 25, 1910 (c. 401, 36 St. at 830 [Comp. St. § 4352]) and on June 15, 1917, after hearing the applicant and his vouchers in open court, it was ordered that he be admitted, and upon taking the required oath a certificate of citizenship was issued to him.

A petition on behalf of the United States was presented and filed December 21, 1917, praying for cancellation of the certificate of citizenship, upon the ground that it was illegally procured, in that, inter alia, the respondent had not resided continuously within the United States five years, nor within the state of Pennsylvania one year at least, immediately preceding the date of his application. The facts appearing on the record, from the petition to cancel and answer thereto, and from the testimony taken at the hearing are as follows:

The respondent was born in London, England, November 22, 1859, and was a British subject. He emigrated to the United States, and arrived at Detroit, Mich., on October 16, 1879. He was informed that, on account of his having arrived while a minor, he thereby after five years' residence became a citizen of the United States. On January 30, 1908, he took up his residence in the state of Pennsylvania. He continued to believe himself a citizen until October, 1909, when he was first apprised that his impression was erroneous. Up until that date, by reason of such belief, he had always acted as and exercised the rights and duties of a citizen. He thereafter continued to maintain a residence and place of abode for himself and family in the state of Pennsylvania, and, until July, 1911, was physically resident in the city of Philadelphia with his family. During July, 1911, he went abroad on business in connection with promoting and organizing a corporation in England. After his arrival in England, he had a bona fide intention of returning in a few months to his home in Philadelphia, and that intention continued throughout his sojourn abroad, but there were delays in the accomplishment of the purpose for which he went abroad, and, as a result, he did not return to Philadelphia until October 22, 1916. From October 22, 1916, he was physically resident in the state of Pennsylvania. At the time of the hearing on June 15, 1917, he was employed in the Frankford Arsenal in expert inspection of munitions of war for the United States.

In his petition for admission he averred that he had resided within the United States since October 16, 1879, and in the state of Pennsylvania continuously next preceding the date of his petition since the 30th day of January, 1908, except from July, 1911, to October 22, 1916, being abroad on business. The verifying affidavits of his two witnesses were similar in effect.

It is not denied on behalf of the United States that the respondent belonged "to the class of persons authorized and qualified under existing law to become a citizen of the United States," nor that he "resided constantly in the United States during a period of five years next preceding May 1, 1910."

It is not necessary to decide whether the respondent met the requirements of the act in making a showing satisfactory to the court of the things to be done which may be accepted in lieu of a declaration of intention, unless the requirement that he had "been for a period of more than five years entitled upon proper proceedings to be naturalized" has been met. That language refers to the five years prior to the hearing, as was held by Judge Dickinson in Re Ross (D. C.) 223 Fed. 366. To be entitled to be naturalized, "such applicant for naturalization shall comply in all other respects with the law relative to the issuance of final papers of naturalization to aliens." In view of his physical absence from the United States from July, 1911, to October 22, 1916, it must be determined whether he is barred by failure to comply with the provisions of the law as to residence.

The fourth paragraph of section 4 of the General Naturalization Act of June 29, 1906, c. 3592, 34 Stat. 596 (Comp. St. § 4352) requires that the alien must have resided continuously within the United States at least five years, and within the state at least one year, immediately preceding the date of his application. It is clear that the law as to residence contained in the act of 1906 applies to the admission of aliens under the amendment of section 2 of that act by section 3 of the act of June 25, 1910, for it is a "law relative to the issuance of final papers to aliens," so that the continuity of the residence must be measured by the same rules in one case as in the other. No hard and fast rule has been laid down by which to measure the length of time during which an applicant may be absent either on business, pleasure, or family affairs without interrupting the continuity of residence intended. It has never been held, so far as I am aware, that the word "continuously" is used as requiring the applicant to remain at all times physically within the jurisdiction; but the circumstances in each case must be taken into consideration to determine whether the continuity of residence is so substantially interrupted as to altogether negative the idea conveyed by the language of the act. The respondent without doubt in good faith intended, within such period of time after going abroad as would probably have been held not to break the continuity of his residence, to return and continue his domicile in the state of Pennsylvania and city of Philadelphia, where his family resided and his home was established. He was, however, a free agent, and if he intended to predicate an application for naturalization upon a residence for five years prior thereto, the choice was open to him, when he realized that the time was lengthening, of either abandoning the business which took him abroad and returning to the United States, or abandoning his claim of continuous residence in the United States during the five-year period and remaining abroad for the transaction of his business. He chose the latter alternative, and, whatever his intention of returning was, he was physically absent for four years and seven months of the five-year period required for residence in the United States, and for seven months of the one-year period required for residence in Pennsylvania.

I am unable to see, therefore, that it can be held, without doing violence to the requirements of the act as to residence prior to application, that he did not lose his right to naturalization upon the application under consideration.

It is concluded, therefore, that the petition for citizenship should not have been granted, and it is ordered that the certificate be canceled without prejudice.