## In re LORETO.

District Court, E. D. Pennsylvania.   June 10, 1929.

No. 97167.

John C. F. Gordon, for petitioner.

. The Chief Naturalization Examiner and George W. Coles, U. S. Atty., of Philadelphia, Pa., opposed.

THOMPSON, District Judge. The petitioner arrived in the United States on October 13, 1913, declared his intention in this court on June 19, 1926, and filed his petition for naturalization on February 13, 1929. He left the United States to visit his native country, Italy, on December 13, 1927, having secured a re-entry permit from the immigration authorities good for one year. The purpose of the return to Italy was to visit his parents. While there, he married and worked on a farm a considerable part of the time. He returned to the United States on December 7, 1928. It therefore appears that he was absent from the United States for nearly ten months during the period of one year required as residence in Pennsylvania and was not present in this country when the one-year period began to run.

If the applicant had left Pennsylvania for New York or any other state of the Union at the time he left for Italy under the same circumstances and had returned to Pennsylvania on December 7, 1928, I would have held that he had not established a continuous residence in Pennsylvania for the year immediately preceding the date of filing his application. A somewhat proportionate absence from the United States and from the state of Pennsylvania was held sufficient to cancel a certificate of naturalization in United States v. Bragg (D. C.) 257 F. 588, and upon the principles governing the required residence in the United States and in the state where the application was filed upon which the conclusions in that case were reached, it is held that the facts here do not establish the required residence in Pennsylvania.

Petition denied, without prejudice.

## BLACK, SIBALS & BRYSON v. NOE.

District Court, W. D. Louisiana, Monroe Division.   April 25, 1929.

No. 1784.

Thatcher, Browne, Porteous & Myers, of Shreveport, La., for plaintiff.

John M. Munholland, of Monroe, La., for defendant.

DAWKINS, District Judge. The above suit is based upon a judgment alleged to have been rendered by the chancery court of Ouachita county, Ark. A copy of said judgment duly certified according to the act of Congress is attached to the petition, but the defendant has asked that the plaintiff be required to produce and file a copy of the entire record of the Arkansas court.

No pertinent authority has been cited in support of this demand, and the court is aware of none which can sustain it. The Louisiana Code of Practice, art. 175, permits a defendant to require "a view or oyer of the document declared upon," but this does not, in my opinion, include in a case like the present the production of a whole court record. I think the judgment itself is sufficient. See Cincinnati Ins. Co. v. Harrison, 25 La. Ann. 1.

The prayer or motion should therefore be denied.